CATHY COLBY *v.* EDWIN COLBY
(10943)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued November 1, 1993—decision released January 11, 1994

*Kathleen D. Stingle,* for the appellant (plaintiff).
*Irene L. Cornish,* for the appellee (defendant).

LANDAU, J. The plaintiff, Cathy Colby, appeals from the trial court's granting of the defendant's[1] motion to modify the alimony ordered as part of a 1978 Massachusetts divorce decree that was filed in Connecticut pursuant to General Statutes § 46b-70 et seq.[2] The plaintiff claims that the trial court improperly granted the postjudgment motion to modify (1) without a finding of a substantial change in circumstances of either party, (2) upon an express use of an improper standard

---

[1] In the Massachusetts divorce action, Edwin Colby was the plaintiff and Cathy Colby was the defendant. Their designations are reversed in the Connecticut proceedings.

[2] General Statutes §§ 46b-70 through 46b-75 govern the enforcement of foreign matrimonial judgments. General Statutes § 46b-71 provides in relevant part: "(a) Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment and the name and address of the court in the foreign state which rendered such judgment.

"(b) . . . A foreign matrimonial judgment so filed shall have that same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling."

in support of the modification that "the parties' *best interest would be served*" and (3) without finding facts that are legally sufficient to justify the modification. We do not reach these issues, however, because the trial court, in modifying the foreign judgment in this state, failed first to find that the judgment of divorce was one in which both parties had entered appearances and failed also to apply the substantive law of the foreign jurisdiction. We find those issues to be dispositive of this appeal.

The following undisputed facts are relevant to this appeal. On November 22, 1978, the parties were divorced by the Probate Court in Hampshire county, Massachusetts. The decree provided, inter alia, that Edwin R. Colby, the defendant here, pay to Cathy E. Colby, the plaintiff here, alimony and her reasonable medical and dental expenses. The Massachusetts judgment was certified and filed in the Superior Court in Connecticut by the plaintiff on January 24, 1991, in order to enforce the judgment against the defendant, who had relocated to Connecticut.[3] On October 28, 1991, the defendant filed a motion to modify the original alimony order, seeking a termination of alimony and a recalculation of the alimony arrearage found in a March, 1991 contempt hearing. A hearing was held on the defendant's motion at which time only the issue of modification was addressed.[4]

" 'Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the

---

[3] In November, 1990, the plaintiff filed a motion for contempt in Connecticut against the defendant. She failed, however, to file a certification pursuant to General Statutes § 46b-70.

[4] The matter of arrearages went off without prejudice to be heard at a later date.

service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. . . .' " *Castro* v. *Viera,* 207 Conn. 420, 433–34, 541 A.2d 1216 (1988). Subject matter jurisdiction, unlike personal jurisdiction, cannot be conferred on the court by waiver or consent of the parties, nor can the court confer jurisdiction on itself. Id., 427–30. "Such jurisdiction relates to the court's competency to exercise power . . . ." (Internal quotation marks omitted.) *Plasil* v. *Tableman,* 223 Conn. 68, 80, 612 A.2d 763 (1992).

"General Statutes § 46b-71 (b) consigns to the courts of this state the power to enforce, satisfy, modify, alter, amend, vacate, set aside or suspend a foreign matrimonial judgment that has been properly filed in a Connecticut court. This subject matter jurisdiction is circumscribed, however, by General Statutes § 46b-70, which defines a foreign matrimonial judgment as 'any judgment, decree or order of a court of any state in the United States in an action for . . . divorce . . . or dissolution of marriage, for the custody . . . or support of children . . . *in which both parties have entered an appearance.'* (Emphasis added.) The requirement of the entry of an appearance by both parties is a 'threshold requirement for enforcement' of a foreign matrimonial judgment. *Morabito* v. *Wachsman,* 191 Conn. 92, 101, 463 A.2d 593 (1983)." *Mirabal* v. *Mirabal,* 30 Conn. App. 821, 825, 622 A.2d 1037 (1993). "The language of § 46b-70 differs from that of other uniform enforcement of judgment acts; it 'reflects the intent of the legislature to ensure that both parties have actual notice of an out-of-state proceeding, *and to preclude adoption of foreign judgments obtained by a*

*default in appearance.'* (Emphasis added.) *Rule* v. *Rule,* 6 Conn. App. 541, 544, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986); *Morabito* v. *Wachsman,* supra, 101 n.9. A trial court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of § 46b-70." *Mirabal* v. *Mirabal,* supra, 825–26.

While this court has the authority to determine jurisdiction; *Pollio* v. *Conservation Commission,* 32 Conn. App. 109, 113, 628 A.2d 20 (1993); we are unable to determine from the record whether the plaintiff here ever filed an appearance in the divorce proceedings in accordance with the Massachusetts rules of civil procedure. The threshold requirement for enforcement of the foreign matrimonial judgment not having been satisfied leaves unresolved the question of the jurisdiction of the trial court. This court is not in a position to hold a hearing to determine this fact and thus remands the case to the trial court for a hearing to determine whether the threshold issue has been met.

Clearly, when modifying a foreign matrimonial judgment, a Connecticut court must apply the substantive law of the foreign jurisdiction. General Statutes § 46b-71 (b).[5] In the present case, the trial court and both parties relied wholly upon the statutes and case law of the state of Connecticut. The trial court's failure to apply Massachusetts law constitutes plain error. Plain error review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Budlong* v. *Nadeau,* 30 Conn. App. 61, 66, 619 A.2d 4, cert. denied, 225 Conn. 909, 621 A.2d 290 (1993). Where a statute dictates that the substantive law of a foreign jurisdiction is controlling

---

[5] See footnote 2.

and a trial court fails to apply such law, this comprises an extraordinary situation in which the error is so obvious as to affect the fairness and integrity of the judicial proceeding. Moreover, the parties cannot agree that Connecticut law shall apply in direct contravention of the legislative intent that the substantive law of a foreign jurisdiction controls in modifying a foreign matrimonial judgment.

The judgment is reversed and the case is remanded for a hearing to determine whether the trial court has jurisdiction. If the trial court determines that it does not have jurisdiction, that court is directed to render judgment dismissing the matter; if jurisdiction is found, the court is instructed to hold a new hearing at which it is to apply the substantive law of Massachusetts.

In this opinion the other judges concurred.