[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
The defendant in this case filed three Motions to Dismiss (one dated December 14, 1993 and two dated January 17, 1994). She claims the court lacks subject matter jurisdiction to proceed because a final decree dissolving the parties' marriage was entered in Warsaw, Poland on November 8, 1993.
Based upon, the reasons stated below, all three of defendant's Motions to Dismiss are denied. This court will exercise limited jurisdiction to enter visitation orders, which were not addressed by the Polish Court. This court will also consider support issues, based upon the agreement of the parties to allow this court to set support orders based on Connecticut Child Support Guidelines, so long as the child resides in Connecticut.
Facts and Procedural History
The plaintiff husband commenced this action for dissolution of marriage and other relief in the judicial District of Windham, at Putnam on October 6, 1992. On the stipulation of the parties, the action was transferred to the judicial District of Tolland, on October 25, 1993 (Potter, J.). The original complaint was served, in hand, upon the defendant on September 17, 1992. The defendant wife appeared, pro se on October 6, 1992. The husband, originally represented by counsel, now appears pro se.
Prior to commencement of the Connecticut action for dissolution of marriage, the defendant (wife) in this action had filed a Motion for Dissolution of Marriage (dated January 27, 1992) on February 20, 1992 in the District Court for the Judicial District CT Page 1392 of Warsaw (Poland), docket number III C 232/92. The plaintiff (husband) in this Connecticut action claims he was never properly served in connection with the Polish action. He says his wife gave him a copy of the Polish divorce papers. He admits that he did receive a letter from the Polish Consulate in New York asking him to appear and provide a statement. He says he did not participate in the proceeding, either in New York or in Warsaw. He says he prepared a written statement to be filed in the court in Warsaw. He admits he was represented in court by a lawyer in Warsaw.
There is no evidence that the husband ever filed a Motion to Dismiss or to enjoin the Polish action. Prior to these three Motions to Dismiss, the wife never filed a Motion to Dismiss or to stay the Connecticut proceedings, although in her Answer, she alleged that the Polish proceeding was pending. Both parties have actively participated in the Connecticut case, collectively filing approximately twenty (20) motions. They have agreed to the entry of orders here. They have participated with the Family Relations Offices in both the Windham and Tolland Judicial Districts. The wife filed a Support Petition and Contempt proceedings with the Family Support Magistrate in the Windham Judicial District.
The Polish case went to a final judgment on November 8, 1993. The Polish Court dissolved the marriage and entered various orders at that time. A translation of those orders appears in a transcript in this court dated December 20, 1993. On December 14, 1993 the wife filed the first of three Motions to Dismiss in this case. In that motion, the wife claims the Polish Decree takes precedence, and can only be modified in Poland. However, in her motion, she states that all of the Connecticut pendente lite orders, entered prior to the Polish Decree are valid. She states that the husband could file those orders in the Polish Court, and then move to modify them in Poland.
The wife filed no brief and claimed no legal authority to support her Motion to Dismiss. In court, however, she stated that she was attacking the subject matter jurisdiction in this court.
The husband claims she failed to file a Motion to Dismiss timely, and therefore she is barred from filing now. If her claim was based on personal jurisdiction he would be correct. Connecticut Practice Book 142. However, subject matter jurisdiction may be raised at any time, possibly even post-judgment, as was recently done by our Appellate Court, Sua Sponte, in Colby v. Colby,33 Conn. App. 417 (1994) and Connecticut Practice Book 145. CT Page 1393
On January 17, 1994 the wife filed two additional Motions to Dismiss. The first attacks this court's subject matter jurisdiction claiming that the parties are Polish citizens and domiciliaries, that the husband was represented by counsel in the Polish case (Attorney Maciej Dubois) and the husband never moved to enjoin the Polish action.
She further claims the Polish action is final and should be accorded full, faith any credit under the doctrine of comity, Bruneau v. Bruneau, 3 Conn. App. 453 at 455 (1985). The wife filed no brief in support of her motions, but she did cite authority within the motion, and she attached supporting documentation. The husband did file a reply brief.
The third Motion to Dismiss was also filed on January 17, 1994, claiming this court does not have jurisdiction under The Uniform Child Custody Jurisdiction Act (UCCJA) General Statutes46b-90, et seq. She did not file a brief or any authority in support of this motion.
She also filed a Motion to Modify on January 17, 1994, asking that visitation orders previously entered by the Connecticut court be modified while the child resides in Connecticut. In the same motion, she asked this court to modify the Polish decree, to increase the child support entered on November 8, 1994 (sic) claiming a substantial change in circumstances. She has presented no evidence that the living conditions of the parties have changed since the Polish Decree was entered on November 8, 1993. The parties lived here both before and after that date. The wife concedes in that motion that this court has personal jurisdiction of the parties. (Motion to Modify, January 17, 1994, paragraph 1). The Motion to Modify is scheduled for a hearing on February 14, 1994.
Law
This court will address the legal issue raised by the parties in detail. Prior to that, however, the court must make some observations. This case represents a prime example of the abuse of the process that can occur when two pro se litigants become intransigent and lose sight of any practicalities. Both the plaintiff and defendant are highly intelligent graduate students, studying at American universities. Both are fluent in English and quite capable of arguing complex legal issues. CT Page 1394
Unfortunately, they both are also very stubborn, narrow-minded, overly concerned about semantics, and obsessed with matters of principle. The defendant demands to proceed with her Motion to Dismiss, even though the Court resolved all the visitation issues to the parties' mutual satisfaction. The plaintiff seems to want to fight for the sake of fighting. He appeared to have an empty feeling when the Court resolved the last visitation issues. As a result of the attitude of the parties they have required this court and the court in Windham, as well as the Family Relations Offices in both districts, to spend scores of hours trying to resolve relatively simple disputes, to no avail.
At the hearing on January 24, 1994, this court was nearly required to order a complete custody visitation evaluation by Family Services, appoint art attorney for the minor child, and order the plaintiff and defendant to attend parenting education classes (although they are unfortunately too stubborn to get any benefit out of the program), simply because the parties could not resolve the outstanding visitation issues. Upon further inquiry, the court discovered that what was in dispute represented eight days out of a year. The parties were actually in agreement on three of the eight days and as to the other five days (additional summer vacation) the mother did not seem opposed to the father having the time, so long as he scheduled his own vacation time with the child.
However, even after those issues were resolved, and both parties agreed to have a support hearing scheduled for February 14, 1994, the defendant still wanted the court to rule on her Motion to Dismiss. If the motion was granted, it would invalidate all the prior orders and waste all the hours spent by court related personnel in this case.
Most importantly, it is clear to the court, that both parties are so obsessed with the litigation that they have totally lost sight of the most important issue in this case, which is: the consideration of what is in the best interest of the child. This case is a tragedy and a seven and one-half year old child is the victim.
Analysis of The Two Cases
The easiest way to understand the status of the Polish and Connecticut actions is to analyze each one separately. Although the husband never directly questioned the Polish Court's authority CT Page 1395 to proceed, he indirectly attacks its jurisdiction in his defense of the wife's motion to dismiss.
The husband cites Litvaitis v. Litvaitis, 162 Conn. 540 (1972) for the proposition that the Connecticut court will not give full, faith and credit, through the doctrine of comity, to a foreign decree, if the foreign court did not have proper jurisdiction. In Litvaitis, however, both parties were U.S. citizens, and residents of Connecticut. The husband travelled to Mexico for the sole purpose of obtaining a divorce and then returned. He had no intention of ever becoming a domiciliary of Mexico. In addition, Mrs. Litvaitis never submitted herself to the jurisdiction of the Mexican court. Id. at 543. That scenario is quite different from the instant case. The plaintiff and defendant are both Polish citizens who are here on temporary student visas. The wife claims she intends to return to Poland when her student visa expires. She returned to Poland in 1992 for a vacation, and commenced the divorce action at that time.
The husband had actual notice of the Polish action. He responded to the Polish consulate by letter. He was represented by a lawyer in the Polish court. The filing of an appearance by both parties in the foreign action is a prerequisite to jurisdiction under General Statutes 46b-70. Colby v. Colby, 33 Conn. App. 417,420 (1994). This ensures that both parties have actual notice of the foreign action and judgment does not enter by default of appearance. Id. He did not file any motions to attack the jurisdiction of the Polish court. He did not file any motions to stay the action in Poland. He never contested the wife's claim that her present intention is to return to Poland when her student visa expires. The time to attack the jurisdiction of the Polish court was before judgment entered.
This court will recognize the Polish decree under the doctrine of comity, thus extending full force and effect to that decree. Litvaitis at 544. There are several exceptions to the rule of comity, which do not apply in this case. The exceptions are:
 1. If the foreign procedure denies due process in a real sense,
2. If it was obtained by fraud,
 3. If it offends public policy of this jurisdiction, or CT Page 1396
4. If the foreign court lacked jurisdiction.
Id. at 545.
This does not, however, end the controversy. The Polish court entered certain orders, which can only be modified in accordance with our statute on the enforcement of foreign judgments in domestic relations cases. General Statutes 46b-70, et seq. The parties are now divorced in accordance with the Polish decree of November 8, 1993. Custody and child support has also been determined by that court. The parties have both agreed that the Connecticut court may enter orders modifying support and establishing visitation, so long as the child remains in Connecticut. Therefore, the court must first determine if Connecticut has subject matter jurisdiction.
Both parties concede that Connecticut has personal jurisdiction in this case. The Connecticut action was commenced with personal service of the wife by a deputy sheriff in Windham county. (See sheriff's return in file). She entered a pro se appearance on the return date, October 6, 1992. Both parties have actively participated in this case for sixteen months. The wife never contested jurisdiction in Connecticut, although she was actively pursuing her case in Poland. She has, therefore, waived any claim based on a lack of personal jurisdiction.
Subject matter jurisdiction, however, is at the core of the ability of a court to act, and therefore can be raised at any time. Connecticut Practice Book 145. Recently, the Appellate Court, raised a question of subject matter jurisdiction, sua sponte, after judgment had entered. See Colby v. Colby, 33 Conn. App. 417
(1994). This court must, therefore, analyze the Connecticut case to see if this court has subject matter jurisdiction.
Both parties were residents of Connecticut when the Connecticut action was commenced. They are both Polish citizens, who are here on temporary student visas.
The wife claims she intends to return to Poland, to permanently reside, when her student visa expires. The husband claims he intends to remain in the United States, if he will be allowed to do so. The parties were married in Poland in January, 1986 and the minor child was born in Poland in May, 1986. The husband has lived in the United States continuously since August, CT Page 1397 1986. The mother moved to Connecticut in January, 1987. The minor child was brought to live with the parents in Connecticut, in September, 1987. All three have lived in Connecticut since 1987, except for occasional return visits to Poland.
A foreign citizen living in the United States can be considered a domiciliary of a state in this country, based upon his or her actions and intentions. See Jacoubovitch v. Jacoubovitch, 112 N.Y.S.2d 1, 279 App.Div. 1027, App. den. 113 N.Y.S.2d 446,279 App.Div. 1078 (1952) and Cocran v. Cocran, 375 N.Y.S.2d 797 (1975).
The plaintiff-husband in the instant action has lived in Connecticut continuously since 1986. He claims domicile here and would like to permanently remain here, if allowed. The parties have been married eight years and have each lived here for more than seven years. The child is 7 1/2 years old and had lived here 6 1/2 years. If this case involved a battle between two states, the "Home State" of the child clearly would be Connecticut. General Statutes 46b-93. Most of the child's significant contacts are in Connecticut, not Poland. Virtually all the evidence regarding the child's present or future care, protection, training and personal relationships are available in Connecticut, not Poland. Id. The UCCJA applies to custody decrees of foreign countries as well as the United States, so long as the parties were given reasonable notice and an opportunity to be heard. General Statutes 46b-113.
If the father had attacked jurisdiction of the Polish court, regarding custody issues, before judgment, he would have had a strong argument in favor of Connecticut retaining jurisdiction over custody. General Statutes 46b-93. Since he failed to make such an attack in a timely fashion, however, this court will not interfere with the custody finding by the Polish court. It is also interesting to note that the custody finding by the Polish court is the equivalent of joint custody, primary residence with mother. That is exactly what the parties agreed to, pendente lite, in this case.
The Polish court, however, did not address the visitation issues in its final decree. Since the child lived in the United States for 6 years at the time of the Polish decree, that court would have no information to base its decision regarding visitation. This court would have jurisdiction to determine visitation, if a separate action for visitation was filed by the husband, after the Polish decree was entered in November, so long as the Polish decree did not determine visitation. General CT Page 1398 Statutes 46b-59.
The defendant-wife's motions to dismiss are denied, but this court will act only on limited issues. The Connecticut action will be stayed as to all issues decided by the Polish court. The orders entered by this court on January 24, 1994, shall become the judgment of this court regarding visitation, so long as the child resides in Connecticut.
Both parties have asked this Court to consider a modification of the child support orders. Both parties agree that the Connecticut Child Support Guidelines shall apply, so long as the child resides in Connecticut.
Child support will be determined at a hearing on February 14, 1994.
Conclusion
Defendant's three motions to dismiss are denied. The Connecticut Court recognizes the Polish decree as to all issues decided by that Court. This Court, however, finds Connecticut to be the "Home State" of the child at the present time. The Connecticut court will exercise limited jurisdiction to decide visitation and support issues, so long as the child remains in, Connecticut.
BY THE COURT,
Jonathan J. Kaplan Superior Court Judge