[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #104 MOTION TO DISMISS
On April 16, 1987 the parties' marriage was dissolved pursuant to a Judgment of Divorce in the State of New York. In New York, the court found that the defendant Lynda McCrensky-Norberg had been previously served, was not in the military service of the United States, and, had not appeared in the divorce action. The parties' marriage was dissolved and orders were entered for custody and support of the parties' child, as well support of children of the parties, individually not jointly, who were not issue of the marriage. The defendant in that action filed the judgment with the Connecticut court. Subsequently, she entered a pro se appearance in Connecticut and filed a Motion for Contempt directed at the plaintiff, Jon Norberg, which was served upon him personally in New York. He has entered an appearance through counsel and filed the Motion to Dismiss, subject of this decision.
The defendant filed the New York Judgment with the CT Page 11745-B Connecticut court. Before this Court can reach the issues as to personal jurisdiction raised in Plaintiff's Motion to Dismiss, it must first determine whether it has subject matter jurisdiction.
 "Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit." Castro
v. Viera, 207 Conn. 420, 433-34, 541 A.2d 1216 (1988). Subject matter jurisdiction, unlike personal jurisdiction, cannot be conferred on the court by waiver or consent of the parties, nor can the court confer jurisdiction over itself. Id., 427-30." "Such jurisdiction relates to the court's competency to exercise power. . ." (Internal quotation marks omitted) Plasil v. Tableman, 223 Conn. 68, 80, 618 A.2d 763 (1992); Mirabal v. Mirabal, 30 Conn. App. 821, 825, 622 A.2d 1037
(1993).
Subject matter jurisdiction over this matter is conferred, and vested by Connecticut General Statutes Sections 46b-70 and46b-71, statutes defining and providing for the filing and enforcement of foreign matrimonial judgments. A foreign matrimonial judgment is defined as "any judgment, decree or order of a court of any state in the United States in an action for divorce . . . or dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children . . . in which both parties have entered an appearance." Connecticut General Statutes Section 46b-70. In this matter, the foreign (New York) judgment states that the defendant did not appear and a default judgment entered. No facts have been presented upon which any contrary finding (i.e. that the defendant did enter an appearance) can be made. The Supreme Court has ruled that in order for there to be subject matter jurisdiction over a foreign judgment, the foreign judgment must be one "in which both parties have entered an appearance". It observed that "[t]his language, which differs from the uniform enforcement of judgment acts, was added by amendment and indicates the Legislature's concern that CT Page 11745-C both parties have actual notice of the proceedings. See 16 S. Proc., p. 9, 1973 Sess., p. 4052." Morabito v. Wachsman,192 Conn. 92, 101, 463 A.2d 593 (1983).
In the instant matter, the party seeking enforcement of the foreign judgment is the party who was defaulted, not having appeared, in New York. It would seem that where the concerns of the Legislature and intent of Morabito v. Wachsmanare met this rule should not be applied rigidly. However, our Appellate Court has ruled otherwise. The paramount fact is that in the New York divorce action there was not an appearance by both parties. This is required by the plain language of the statute. A similar situation occurred in Colby v. Colby, 33 Conn. App. 417,635 A.2d 1241 (1994). There, the plaintiff wife, Cathy Colby, filed her Massachusetts divorce decree in Connecticut and sought enforcement of its terms here. The Appellate Court held that the record was incomplete for a determination of whether she, the plaintiff, seeking relief in Connecticut, had ever filed an appearance in the Massachusetts action. The Appellate Court found that the lower Court had erred by failing "to first find that the judgment of divorce was one in which both parties had entered appearances. Ibid, p. 419. The Court remanded for a hearing on this issue, reciting the statutory need for both parties to appear in order to confer subject matter jurisdiction. There, then the "both parties appearing requirement" remained a threshold requirement for subject matter jurisdiction though the apparent non-appearing party in the foreign judgment was the party moving for relief in Connecticut.
The parties' relative positions are the same here. The defendant, seeking to enforce the New York foreign judgment in Connecticut, has failed to provide proof that both she and Mr. Norberg appeared in the New York action. This Court lacks subject matter jurisdiction. Connecticut General Statutes Section 46b-70;Colby v. Colby, op. cit.
Therefore, the action is dismissed for lack of subject matter jurisdiction.
Lynda B. Munro, Judge