[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 11, 1995, the plaintiffs, Thomas and Natalie Rafferty, filed an application to the Superior Court of New Haven appealing from the action of the Town of Woodbridge, Board of Tax Review. They allege in their application that their property was assessed on October 1, 1991 and October 1, 1992 by the Town of Woodbridge at a value of $847,070.00. The assessors determined that all property should be liable for taxation at 70% of its true and actual valuation on that assessment date. The plaintiffs CT Page 12541-BB allege that the valuation placed on their property by the assessors was "not that percentage of its true and actual value on those assessment dates, but was grossly excessive, disproportionate and unlawful." (Plaintiffs' Application, ¶ 4). The plaintiffs appealed to the Board of Tax Review of the Town in February of 1993, claiming to be aggrieved by the action or the assessors. The plaintiffs further allege in their "Supplemental Objection to Defendant's Motion to Dismiss" that Russell B. Stoddard, Chairman or the Woodbridge Tax Review Board wrote to the plaintiffs on September 7, 1993, and informed them that the Board decided not to change the assessment on the property.
The plaintiffs first filled a lawsuit in 1993 (the "1993 action"). On July 25, 1994 a judgment of dismissal was entered in the 1993 action. The basis for the judgment of dismissal was that the Court lacked subject matter jurisdiction over the action due to the plaintiffs is failure to comply with General Statutes § 12-117a which requires that the Town of Woodbridge ("the Town") be named as the party defendant.
The plaintiff's commenced a new action on April 4, 1995, naming the Town as a defendant. The court file contains an "Objection to Plaintiff's Motion to Amend Application" in which the defendant states that the plaintiffs filed a motion seeking leave of the court to amend their application pursuant to General Statutes § 52-593. The court file does not contain any such motion. On July 19, 1995, the defendant filed a "Memorandum or Law in Support of Objection to Plaintiffs' Motion to Amend Application" along with its "Memorandum of Law in Support of Defendant's Motion to Dismiss." The court file does not contain a memorandum in opposition of defendant's motion to dismiss.
Practice Book § 143 provides in pertinent part that, "The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Ambroise v. William Raveis Real Estate,Inc. 226 Conn. 757, 764-65, 628 A.2d 1303 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the CT Page 12541-CC regularity of the court's exercise of that power. . . ." (Citation omitted) internal quotation marks omitted.) Plasil v.Tableman, 223 Conn. 68, 80 612 A.2d 763 (1992). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v.Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989).
"Parties cannot confer subject matter jurisdiction on the court either by waiver or consent." Sadloski v. Manchester,228 Conn. 79, 84, 634 A.2d 888 (1993). Also, the court cannot confer jurisdiction upon itself. Colby v. Colby, 33 Conn. App. 417, 420,635 A.2d 1241 (1994), citing Castro v. Viera, 207 Conn. 420,541 A.2d 1216 (1988).
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must she taken and the matter passed on before it can move one further step in the case. . . ." (Citation omitted; internal quotation marks omitted.) Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297,441 A.2d 183 (1982). Additionally, a court may raise the issue of subject matter jurisdiction sua sponte, and if it "finds that is has no [subject matter] jurisdiction, it must dismiss the case, without regard to previous rulings." Vincenzo v. Warden,26 Conn. App. 132, 135, 599 A.2d 31 (1991), citing Pet v.Department of Health Services, 207 Conn. 346, 351, 542 A.2d 672
(1988).
"Administrative appeals are creatures of statute. Strict compliance with the procedures set forth within the body of the governing statute by the aggrieved plaintiff, including the limitations of actions provisions is essential to the subject matter jurisdiction of the court." Schon v. Commissioner ofTransportation, Superior Court, judicial district of Hartford, Docket No. 523306 11 Conn. L. Rptr. 431 (May 10, 1994) (Aurigemma, J.). Thus, where the right to appeal is granted by statute, the provisions of the statute are deemed mandatory, and if they are not complied with, "the appeal is subject to dismissal . . . for lack of subject matter jurisdiction." Vernon Village, Inc. v.Carothers, 217 Conn. 130, 142, 585 A.2d 76 (1991).
The plaintiffs rely on General Statutes § 52-592
(Accidental Failure of Suit statute) in the bringing of this lawsuit. General statutes § 52-592 provides in relevant part that, "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of CT Page 12541-DD insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, . . . the plaintiff . . . may commence a new action, . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.)
The plaintiffs argue that since the 1993 action was timely commenced, yet dismissed without realizing the merits, General Statutes § 52-592 saves this action from being untimely. Thus, the plaintiffs rely on this statute in bringing their lawsuit.
The defendant argues in its motion to dismiss that this Court lacks subject matter jurisdiction because the plaintiffs failed to comply with the statutory requisites of General Statutes §12-117a which provides that appeals from the Board of Tax Review be brought within two months from the time of such action. The defendant further argues that since the board's decision was on September 7, 1993, and this appeal was brought in "May of 1995",[1]
it fails to comply with the two month requirement for tax appeals mandated by General Statutes § 12-117a.
Even if the plaintiffs' 1993 action was timely commenced under General Statutes § 12-117a and the present lawsuit was filed within one year of dismissal of the 1993 action, the plaintiffs' current lawsuit is not saved by § 52-592 since this statute does not apply to administrative appeals. Practice Book § 256 expressly provides or purposes of these rules, administrative appeals are civil actions . . . [except for] purposes of Gen. Stat., §§ 52-591, 52-592 or 52-593.[2]
Furthermore in Loomis Institute v. Windsor, 234 Conn. 169, 180, ___ A.2d ___ (1995), the Supreme Court stated that, "[t]ax appeals fall within the Practice Book's definition of administrative appeals." See also Practice Book § 255.
The Connecticut Supreme Court has determined that General Statutes § 52-592 does not apply to administrative appeals. In Carbone v. Zoning Board of Appeals of Hartford, 126 Conn. 602,13 A.2d 462 (1940), the court explained, "[s]tatutes and special laws . . . fixing a rather brief time in which appeals may be taken to the courts from the orders and decisions of administrative boards are evidently designed to secure in the public interest a speedy determination or the issues CT Page 12541-EE involved. . . . To hold that an appeal in such a proceeding . . . is an action within the meaning of' § 6024 [now Gen. Stat. § 52-592] would have the practical effect of eliminating the time factor in taking such appeals." (Alteration added.) Id., 607. In Holloway Bros. Inc. v. Avon,26 Conn. Sup. 164, 214 A.2d 701 (1965), the Superior Court applied the reasoning of Carbone to a municipal real property tax appeal. Additionally, the court stated that the fact that the original appeal in which a non-suit was entered was timely filed is of no avail to the plaintiff since General Statutes § 52-592 does not apply to administrative appeals. Id., 168. In Tolhurst v.Town of East Hampton, Superior Court, judicial district of Middlesex, Docket No. 66004 9 Conn. L. Rptr. 321 (June 23, 1993) (Arena, J), a case factually identical to the present case,[3] the court determined that, "the plaintiffs may not avail themselves of General Statutes § 52-592 because a tax appeal is not a civil action within the meaning of the statute." See also Office ofConsumer Counsel v. Department of Public Utility Control, Superior Court, judicial district of Hartford, Docket No. 541834 (Dec. 19, 1994) (Maloney, J.) (where plaintiff argued that his appeal may be saved by the accidental failure of suit statute, the court held that such statute does not apply to administrative appeals); Issac v. Mount Sinai Hospital, 210 Conn. 721,557 A.2d 116 (1989) (followed the rationale in Carbone and held that the word "action" in the accidental failure of suit statute did not include administrative appeals).[4]
Because the plaintiffs failed to bring this lawsuit according to the statutory requisites of General Statutes § 12-117a and because General Statutes § 52-592 does not apply to this appeal, the lawsuit is untimely. Thus, the defendant's motion to dismiss is granted on the grounds that this court lacks subject matter jurisdiction over this appeal.