OPINION OF THE COURT
James F. Niehoff, J.
The parties were married on March 26, 1966 and were divorced in the State of Florida by judgment dated July 30, 1980. The divorce decree directed the defendant to pay alimony of $160 per week.
On November 24, 1980 the Florida judgment was filed and entered in the office of the Clerk of the County of Nassau pursuant to CPLR article 54.
Before the court is a motion by the plaintiff to direct that (1) the defendant give reasonable security for the payment of the sums of money to become due her for her maintenance; (2) the plaintiff have a money judgment against the defendant in the sum of $13,743.07 representing arrears fixed in the judgment of $2,080 for temporary alimony, $7,823.07 for attorneys fees and costs as fixed in the *62 divorce judgment and $3,840 for current alimony arrears, and (3) the defendant pay to the plaintiff the reasonable expenses of bringing this motion.
In addition to the plaintiff’s motion the court has before it the defendant’s cross motion which seeks an order (1) vacating the plaintiff’s judgment filed on November 24, 1980 upon the ground that the same was obtained by default in appearance of the defendant; (2) dismissing the plaintiff’s application as it pertains to counsel fees upon the ground that the fees were awarded not to the plaintiff but to her attorneys and, (3) modifying the alimony awarded to the plaintiff in Florida upon the grounds that the same was obtained by a default without considering the respective financial ability of the parties and that there has been a substantial and significant change in the defendant’s finances since the date of that action.
The Florida divorce action was started by personal service upon the defendant on August 16,1979. On September 7,1979 the defendant Edward J. Warnke filed an answer to the plaintiff’s petition for divorce as well as a counterpetition for dissolution of marriage. The matter came on before Judge Johnson in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, on July 1, 1980 at which time the defendant Edward J. Warnke failed to appear either in person or with counsel which fact is noted in the final judgment of dissolution of marriage entered July 30, 1980.
The defendant, Edward J. Warnke, does not dispute the foregoing facts. Rather, it is his claim that while he did have an attorney initially representing him in Florida he ran out of funds to pay his lawyer, who, as a result, “failed to appear when the .case was reached for trial.”
Thus, the first issue which must be determined by the court is whether the Florida divorce judgment was properly filed pursuant to CPLR article 54.
CPLR article 54 permits the filing of sister State judgments, decrees or orders entitled to full faith and credit in this State provided they were not obtained by default in appearance, or by confession of judgment (CPLR 5401, 5402). Assuming that the judgment was not obtained by a default in appearance a foreign judgment of divorce direct *63 ing installment payments of alimony is entitled to full faith and credit and upon filing pursuant to CPLR article 54 is enforceable in the courts of New York (Ehrenzweig v Ehrenzweig, 61 AD2d 1003, Adrien v Adrien, 65 AD2d 931).
As noted above, the defendant Edward J. Warnke not only answered his former wife’s petition in the Florida action but he also interposed a counterpetition for dissolution of marriage. As a result, it is clear that the Florida divorce judgment was not obtained by Mr. Warnke’s default in appearance and that the filing of that judgment on November 24, 1980 pursuant to CPLR article 54 was proper.
In L & W Air Conditioning v Varsity Inn of Rochester (82 Misc 2d 937), Mr. Justice James H. Boomer of the Supreme Court, Monroe County, concluded that the service of an answer by a defendant which later defaulted in appearing when the case came on for trial constituted an appearance in the action in the foreign court which was sufficient to allow a CPLR article 54 filing of the judgment in New York. In a well-reasoned opinion which was later affirmed by the Appellate Division, Fourth Department (56 AD2d 735), Justice Boomer held (82 Misc 2d 937, 938-939, supra):
“(1) The judgment roll from the Georgia court shows that after the service of the summons and complaint in New York, the defendant submitted an answer in which it denied the allegations of the complaint and, as an affirmative defense, alleged that the court did not have jurisdiction of the person of defendant. When the case came on for trial the defendant did not appear and judgment was taken by default.
“The 1968 Uniform Enforcement of Foreign Judgments Act, from which article 54 was taken, does not exclude from filing a judgment of a sister State taken by default. The committee to advise and consult with the Judicial Conference on the CPLR, in urging the adoption in New York State of the 1968 Uniform Enforcement of Foreign Judgments Act, recommended that the act not apply to judgments ‘in which there was no appearance by the defendant in the rendering forum.’ (Fifteenth Annual Report of *64 NY Judicial Conference, 1970, Appendix D, Report to Legislature in Relation to CPLR, p A107.) This recommendation was based upon the committee’s fear of ‘sewer service’ (p A107). As submitted by the committee, proposed article 54 excludes from its scope judgments obtained by ‘default in appearance’. CPLR 320 states that the defendant ‘appears by serving an answer or a notice of appearance’. It is apparent from the committee’s report that it intended to exclude not all judgments taken by default, but only those default judgments where there is no appearance at all in the action. Since the defendant did appear in the action in Georgia, the Georgia judgment may not be refused recognition under article 54 because of the default of the defendant in appearing at the time of the trial.
“(2) Defendant may not now question the jurisdiction of the Georgia court. When defendant filed an answer in the Georgia action raising the issue of jurisdiction, it consented that the issue of jurisdiction be tried by the Georgia court and the findings of the court are now binding upon it.”
Likewise, when the defendant Edward J. Warnke filed his answer and counterpetition in the Florida proceeding, he appeared in that action and must be bound by the findings and determination of the court. Accordingly, that branch of the defendant Edward J. Warnke’s cross motion which seeks a vacatur of the judgment filed by the plaintiff on November 24, 1980 upon the ground that it was obtained by default in appearance is denied and the court will proceed to determine what relief the plaintiff is entitled to under that judgment.
As set forth above, the plaintiff seeks the entry of a money judgment against the defendant pursuant to section 244 of the Domestic Relations Law in the total amount of $13,743.07. Of that amount, $2,080 represents arrears for temporary alimony fixed in the Florida divorce judgment and $7,823.07 represents attorney’s fees and costs fixed in the Florida divorce judgment.
In addition to asserting that the judgment filed in this State should be vacated, the defendant resists the entry of a judgment for that portion of the moneys owed for counsel *65 fees and expenses upon the ground that the same was not awarded to the plaintiff but to her attorneys. While it is true that the Florida divorce judgment directs the defendant to pay the sums to “Petitioner’s attorney of record” it is clear to the court from the plaintiff’s affidavit and Exhibit B to her moving papers that she has heretofore paid the full amount due her former attorneys and has received an assignment of their rights with respect thereto. The defendant, on his part, has offered absolutely no evidence to refute the assignment. Consequently, that branch of the defendant’s cross motion which seeks to dismiss the plaintiff’s request for a money judgment for counsel fees is hereby denied.
Inasmuch as the amounts fixed in the Florida judgment for arrears in alimony and for attorney’s fees and costs are “vested and non-modifiable” it is the decision of the court that the plaintiff is entitled to the entry of a money judgment in her favor in the amount of $9,903.07 representing the aggregate of those amounts. (See Tannenberg v Beldock, 68 AD2d 307, 313.)
The remaining monetary relief requested by the plaintiff concerns itself with alimony arrears accruing since the date of entry of the Florida judgment. The plaintiff seeks a money judgment for such alimony arrears “up to the date of the order of this Court” at the rate of $160 per week pursuant to the Florida divorce judgment. The problem facing the court is as follows: If the defendant can obtain relief from the Florida judgment for payments due from July 30, 1980 (the date of the Florida judgment) through November 24,1980 (the date the judgment was filed in this State) by way of motion in the first proceeding then the arrears claimed during that period cannot be said to be vested and nonmodifiable and enforcement pursuant to CPLR article 54 will not be permitted. (See Tannenberg v Beldock, supra, p 313.) Hence, inquiry must be made as to the applicable Florida law.
Section 61.14 of the Florida statutes sets forth that State’s law with respect to the modification of alimony judgments. That section has been interpreted to mean that accumulated alimony arrearages are not subject to modification (Webb v Webb, 305 So 2d 567, 569, [La]) and that the *66 right of a wife’s payment of alimony arrears is vested and not subject to subsequent modification. (Gottesman v Gottesman, 202 So 2d 775, 777, mod 220 So 2d 640, 642 [Fla]; Armour v Allen, 377 So 2d 798, 801 [Fla]; Smithwick v Smithwick, 343 So 2d 945, 947 [Fla].)
Since the courts of Florida do not have the jurisdiction or power to eliminate the alimony arrearages which accumulated between the date of the entry of the Florida judgment and the filing of that judgment in this State because they are treated as vested, it follows that the plaintiff is entitled to enter a money judgment for the amounts due her from July 30, 1980 through November 24, 1980 pursuant to the Florida judgment. Consequently, the plaintiff will be awarded a money judgment in the amount of $2,592 against the defendant for such arrearages.
However, on November 24, 1980 the Florida judgment became a domestic judgment which could then be modified by the New York courts. Thus, the arrears due from that date forward cannot be said to be vested and nonmodifiable and subject to the entry of a money judgment as a matter of law for the amount accruing thereunder. Whether any such judgment will be entered and, if so, the amount of the judgment must await the determination of the defendant’s application for a downward modification of the alimony provisions of the parties divorce judgment.
Regrettably, the remaining issues raised by the motion and cross motion cannot be determined without resort to a hearing. These issues include (1) the plaintiff’s request to direct the defendant to furnish reasonable security for future alimony payments, (2) the plaintiff’s request for a money judgment representing arrears in alimony payments since the filing of the judgment on November 24, 1980 and the defendant’s request for a downward modification of the weekly alimony award based upon an alleged substantial and significant change in circumstances, and (3) the plaintiff’s request for an award representing the expenses of bringing this motion.