MARY ELLEN RULE *v.* DONALD A. RULE
(3455)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued November 20, 1985—decision released March 25, 1986

*Alfred J. Garofolo,* for the appellant (defendant).
*Mark Shapera,* for the appellee (plaintiff).

DUPONT, C. J. The defendant has appealed from a judgment of the trial court which upheld the enforceability of a Massachusetts judgment in Connecticut pursuant to General Statutes § 46b-71. The only issue raised by this appeal is whether the trial court erred in holding that the Massachusetts judgment was one in which the defendant had "entered an appearance," as required by General Statutes § 46b-70.[1]

The facts are not in dispute.[2] The marriage of the parties was dissolved by a judgment of divorce nisi ren-

---

[1] General Statutes §§ 46b-70 through 46b-75 concerns the enforcement of foreign matrimonial judgments. General Statutes § 46b-70 defines a foreign matrimonial judgment as "any judgment, decree or order of a court of any state in the United States in an action for . . . dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children or for alimony, support or the disposition of property of the parties to an existing or terminated marriage, in which both parties have entered an appearance."

[2] In response to a request for a further articulation of its decision, the trial court adopted all of the facts as set forth in affidavits of the parties.

dered in 1978 by the Massachusetts Probate Court. This judgment was modified in 1979 by agreement of the parties. In 1982, the plaintiff filed a complaint for contempt against the defendant to collect child support payments in arrears. The defendant's attorney filed a formal appearance in the contempt action. The parties agreed to a continuance on the plaintiff's complaint for contempt in order to consolidate the hearing in that action with a hearing on the defendant's pending complaint for modification of child support payments. An evidentiary hearing was held with the defendant and his counsel both present. The court ordered the defendant to pay $90 per week child support. Another hearing was held on March 21, 1983, with both parties present and represented by counsel, wherein the court deferred the payment of those child support payments in arrears until the youngest child attained the age of eighteen. On January 18, 1984, the court rendered a judgment of contempt against the defendant, requiring him to pay all of the child support arrearage "forthwith." On that same date, prior to the rendering of the judgment, the defendant's attorney successfully moved to withdraw from the case. The defendant was not present. It is unclear whether any hearing relevant to the contempt complaint was held subsequent to the withdrawal of the defendant's counsel.

The plaintiff sought enforcement of this contempt judgment in Connecticut. The trial court adopted the Massachusetts judgment pursuant to General Statutes § 46b-71. The defendant moved to set aside the judgment, claiming that his counsel withdrew her appearance prior to the rendering of the Massachusetts contempt judgment and, therefore, it was not one in which "both parties [had] entered an appearance" as required by General Statutes § 46b-70.

General Statutes § 46b-70 defines a foreign matrimonial judgment as "any judgment, decree or order

of a court of any state in the United States in an action for [divorce or child custody and support] in which both parties have entered an appearance." The statute is an appropriate vehicle to enforce a judgment of contempt for failure to comply with a matrimonial judgment. See, e.g., *Van Wagner* v. *Van Wagner,* 1 Conn. App. 578, 474 A.2d 110 (1984). The requirement of the entry of an appearance by both parties is a "threshold requirement for enforcement" pursuant to the statute. *Morabito* v. *Wachsman,* 191 Conn. 92, 101, 463 A.2d 593 (1983). Even a one time special appearance in another state to contest jurisdiction is sufficient to allow enforcement in Connecticut of a judgment subsequently rendered for support arrearages obtained in the other state. Id. The statutory language reflects the intent of the legislature to ensure that both parties have actual notice of an out of state proceeding, and to preclude adoption of foreign judgments obtained by a default in appearance. See id., 101 n.9; see also General Statutes § 52-604. Even states with statutes that specifically preclude enforcement of default judgments will enforce judgments obtained by default where a party has defaulted in pleading after an initial appearance. *Paden* v. *Warnke,* 110 Misc. 2d 61, 441 N.Y.S.2d 575 (1981).

The defendant does not argue that he did not enter an appearance in the Massachusetts action. He argues that at the time the Massachusetts judgment of contempt was rendered, the initial appearance had been withdrawn because his counsel had been allowed to withdraw her appearance prior to that judgment's being rendered.

"The term 'appearance' is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction . . . ." 5 Am. Jur. 2d, Appearance § 1. A party may make a formal appearance in an action by giving writ-

ten notice of his appearance; see Practice Book § 64; Mass. R. Civ. Proc. § 11 (a); or by "implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff . . . or from some act done with the intention of appearing and submitting to the court's jurisdiction." 5 Am. Jur. 2d, Appearance § 14; see *Beardsley* v. *Beardsley,* 144 Conn. 725, 729–30, 137 A.2d 752 (1957); *Buckley* v. *John,* 314 Mass. 719, 721–22, 51 N.E.2d 317 (1943). The defendant in this case clearly intended to submit himself to the court's jurisdiction by filing a formal appearance in accordance with the Massachusetts rules of civil procedure and by participating extensively in prior hearings in the contempt proceeding. "The withdrawal by [his] attorney of [her] own appearance does not have the effect of withdrawing [her] client's appearance . . . ." 6 C.J.S., Appearances § 57; see *Conley* v. *Conley,* 324 Mass. 530, 531 n.1, 87 N.E.2d 153 (1949); *Harvey* v. *Fiduciary Trust Co.,* 299 Mass. 457, 465, 13 N.E.2d 299 (1938). While the effect of the defendant's appearance could have been negated by leave of the Massachusetts Probate Court; see *Harvey* v. *Fiduciary Trust Co.,* supra, 465; no such motion was made.

The purpose of General Statutes § 46b-70 and § 46b-71 is to prevent a defendant from avoiding the execution of a valid and enforceable judgment by fleeing the jurisdiction. See 20 S. Proc., Pt. 7, 1977 Sess., pp. 2907–2911; 20 H.R. Proc., Pt. 7, 1977 Sess., pp. 2942–44. The defendant does not challenge the validity of the Massachusetts judgment. Even though the defendant's counsel was allowed to withdraw from the case prior to the rendering of the judgment and the defendant was not present at that time, the defendant is deemed to have notice of the proceedings. The defendant is charged with the knowledge of his counsel regarding when judgment was to be rendered in the

contempt proceeding. See *Levin* v. *Berley,* 728 F.2d 551 (1st Cir. 1984). Additionally, the defendant's attorney was required to give the defendant notice of the motion to withdraw. Mass. R. Civ. Proc. §§ 6 (c), 11 (c). The defendant's brief does not allege that he was denied proper notice or a fair opportunity to be heard. In fact, the defendant's appellate counsel stated at oral argument before this court his belief that the defendant was aware of the trial counsel's intent to withdraw. It was the defendant's responsibility to take whatever steps he thought necessary to protect his interest. Any failure by the defendant to protect his interest does not preclude enforcement of a valid judgment under General Statutes § 46b-71.

There is no error.

In this opinion the other judges concurred.