[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1987, the marriage of the named parties was dissolved by order of the court of the State of Rhode Island and Providence Plantations. The judgment granted custody of the child to the defendant CT Page 5518 with visitation rights reserved to the plaintiff. The judgment further ordered the plaintiff to pay $200.00 per month as child support. Although the defendant was duly served with notice the defendant never appeared in that proceedings.
Subsequently, the defendant moved to Connecticut and filed the judgment with the Superior Court in Litchfield, Connecticut on January 15, 1993. Thereafter, on March 18, 1993, the defendant filed a motion with the court to modify the judgment. Specifically, the defendant requests this court to modify the child support as it does not comply with the Child Support Guidelines. Additionally, the defendant requests medical and life insurance for the child since there have been substantial change in circumstances of the parties regarding medical and life insurance.
The plaintiff filed a motion with this court to dismiss the modification proceeding for lack of subject matter jurisdiction. The defendant has not opposed this motion.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Section 145. See also Castro v. Viera, 207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
"`Jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that matter involved in the suit constitutes a subject matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject matter of the suit. . . .'" Castro v. Viera, 207 Conn. 420, 433-34, 541 A.2d 1216
(1988). Subject matter jurisdiction, unlike personal jurisdiction, cannot be conferred on the court by waiver or consent of the parties, nor can the court confer jurisdiction on itself. Castro v. Viera, supra, 427-30. Subject matter jurisdiction relates to the court's competency to exercise power. Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992).
General Statutes 46b-71(b) empowers the courts of this state to enforce, satisfy, modify, alter, amend, vacate, set aside or suspend a CT Page 5519 foreign matrimonial judgment that has been properly filed in a Connecticut court. This subject matter jurisdiction is circumscribed, however, by General Statutes 46b-70, which defines a foreign matrimonial judgment as "any judgment, decree or order of a court of any state in the United States in an action for . . . divorce . . . or dissolution of marriage, for the custody . . . or support of children . . . in which both parties have filed an appearance." General Statutes 46b-70. The requirement of the entry of appearance by both parties is a "threshold requirement for enforcement" of a foreign matrimonial judgment. Morabito v. Wachsman,191 Conn. 92, 101, 463 A.2d 593 (1983). The language of 46b-70 differs from that of other uniform enforcement of judgment acts; it "reflects the intent of the legislature to ensure that both parties have actual notice of an out-of-state proceeding, and to preclude adoption of foreign judgments obtained by a default in appearance." Rule v. Rule, 6 Conn. App. 541,544, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697
(1986). A trial court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of General Statutes 46b-70. Mirabal v. Mirabal, 30 Conn. App. 821,826, ___ A.2d ___ (1993).
In the case at bar, at the time of the dissolution proceeding in Rhode Island, the defendant never filed an appearance in accordance with the Rhode Island rules of civil procedure. Therefore, because the defendant never entered her appearance in the Rhode Island proceedings, the Rhode Island judgment is not a "foreign matrimonial judgment" as defined by General Statutes 46b-70 and may not be modified or vacated by a Connecticut court. See Mirabal v. Mirabal, supra, 826. Thus, this court lacks subject matter jurisdiction and therefore must with great sympathy for the child dismiss this case.
Even if this court could acquire subject matter jurisdiction over the modification proceeding, this court would not be able to obtain personal jurisdiction over the plaintiff. General Statutes 46b-71 neither contains a long-arm provision to reach the plaintiff in Massachusetts nor confers a cause of action in and of itself. Personal jurisdiction must be obtained or be obtainable in Connecticut.
In addressing the purposes of this statute the court in Rule v. Rule. supra, 545, held that "[t]he purpose of General Statutes 46b-70 and 71 is to prevent a defendant from avoiding the execution of a valid and enforceable judgment by fleeing the jurisdiction. See 20 S. Proc., Pt. 7, 1977 Sess., pp. 2907-2911; 20 H.R. Proc., Pt. 7, 1977 Sess., pp. 2942-44." Section 46b-71 allows a party to follow a person who has fled the original decree rendering forum. Both the plaintiff and defendant have left the decree rendering forum, however, the defendant has decided to relocate to a different jurisdiction than the plaintiff. CT Page 5520
Even if the court assumes that 46b-71 is a long arm statute pursuant to which personal jurisdiction may be asserted by Connecticut courts, such assertion of jurisdiction must still comply with federal constitutional requirements of due process. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 51, 459 A.2d 503 (1983) (all assertions of state court jurisdiction must be evaluated according to minimum contacts test).
The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which she has no meaningful "`contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1984), quoting International Shoe Co. v. Washington, 326 U.S. 310, 319,90 L.Ed. 95 (1945). The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum state. Burger King Corp. v. Rudzewicz, supra, 474. The defendant's conduct and connection with the forum state must be such that she should reasonably anticipate being haled into court here. Id. In defining when it is that a potential defendant should reasonably anticipate out of state litigation the court stated:
 The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
Burger King Corp. v. Rudzewicz, supra, 474-75, quoting Hanson v. Denckla,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
Relying upon the rationale of Hanson, the court, in Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132, reh. denied, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978), held that the exercise of in personam jurisdiction in an action to modify a divorce judgment over a nonresident, nondomiciliary parent of minor children domiciled in California would violate the due process clause of the fourteenth amendment. Id., 86.
The Kulko case involved a plaintiff's attempt to get modification jurisdiction in California over the defendant, a New York resident, by registering the foreign divorce decree dissolving their marriage under California law, which then treated the decree as a California judgment. See Kulko v. California Superior Court, supra, 80. The court rejected, inter alia, the argument that the husband's acquiescence in the child's CT Page 5521 desire to live with the mother in California conferred jurisdiction over the husband. Id., 88-89. The court then noted that "a father who agrees in the interest of family harmony and his children's preferences to allow them to spend more time in California than was required under the separation agreement, which was incorporated into the judgment, can hardly be said to have purposefully availed himself of the benefits and protections of California law." Id. The court also noted that personal jurisdiction over the husband could not be based upon the mother's residence in the state as such a basis would "discourage parents from entering into reasonable visitation agreements . . . [and] could arbitrarily subject one parent to suit in any State of the Union where the other parent chose to spend time while having custody of their [children]. . . ." Id., 93.
Thus, even if this court were to have subject matter jurisdiction over the modification proceeding the plaintiff lacks sufficient minimum contacts with Connecticut by which he can be said to have purposefully availed himself of the benefits of its law and that the unilateral activities of the defendant cannot confer personal jurisdiction over the plaintiff in Connecticut.
Accordingly, the defendant's motion for modification is dismissed.
DRANGINIS, J.