[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 14, 1994, the plaintiff, Medstar Leasing Co., filed a notice of foreign judgment pursuant to General Statutes § 52-605(c), thereby providing the defendant, Eric Hagerbrandt, with notice that a certified copy of the judgment entered against him on May 4, 1994, in the General Court of Justice, Superior Court Division of the State of North Carolina, County of Buncombe in the amount of $216,008.82, plus interest, had been filed in the Superior Court for the judicial district of Stamford. The plaintiff also filed a Certification for Entry of Foreign Judgment and a certified copy of the North Carolina judgment in Medstar CT Page 3706 Leasing Co. v. Global Equipment Sales, Inc., and Eric Hagerbrandt, 92 CVS4972.
On November 30, 1994, the defendant filed a motion to vacate judgment and to stay the proceedings, and a memorandum in support of the motion. On December 23, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion and the affidavit of Stephen J. Graberstein, dated December 7, 1994. On December 28, 1994, the defendant filed a supplemental memorandum of law in support of his motion to vacate and a certified copy of the entry of default against Global Equipment Sales, Inc. in Medstar Leasing Co. v. Global Equipment Sales, Inc. and Eric Hagerbrandt.
At short calendar on December 12, 1994, the court stayed the proceedings, and granted the parties additional time to submit supplemental memoranda. Furthermore, on December 12, 1994, the parties entered into a stipulation of fact. On January 18, 1995, the plaintiff filed a response to the defendant's supplemental brief in support of his motion to vacate.
Section 52-604 of the Uniform Enforcement of Foreign Judgments Act (UEFJA) defines a foreign judgment as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except oneobtained by default in appearance or by confession of judgment." (Emphasis added.) Section 52-605 (a) provides that "[a]judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default inappearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor." (Emphasis added.)
"The § 52-605 proceeding, by which a foreign judgment that is not obtained by default of appearance . . . is treated the same as a judgment obtained in Connecticut, is a codification of the common-law rule of res judicata . . . . Under the common law, a final judgment that is rendered by a court of competent jurisdiction is conclusive of the rights of the parties in the same or any other judicial tribunal. . . . The effect of § 52-605, therefore, is to establish a foreign judgment that is not obtained by a default in appearance . . . as a domestic judgment that is conclusive of the defendant's indebtedness." (Citations omitted CT Page 3707 and emphasis in original.) Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 470-71, 451 A.2d 291 (App. Sess. 1982).
Accordingly, foreign judgment that is based upon a default in appearance is not given full faith and credit, and the party seeking to enforce the judgment must proceed pursuant to § 52-607 by commencing an independent action on the judgment. See Key Bank ofAlaska v. Benedict, Superior Court, JD of New Haven, DN. 349683 (February 25, 1994) (Martin, J.); Holbrook v.Owen, Superior Court, JD of Fairfield at Bridgeport, DN. 263338 (January 11, 1993) (Ballen, J.).
The defendant contends that the North Carolina judgment that has been filed by the plaintiff in this court should be vacated because it was obtained by default in appearance, and therefore, it is not enforceable under § 52-605. The plaintiff concedes that the defendant did not appear in the North Carolina action, but nevertheless the plaintiff contends that the judgment is enforceable under § 52-605 because it was entered after a full trial on the merits, and was not based upon a default due to the defendant's failure to appear.
"The term appearance is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction . . . . A party may make a formal appearance in an action by giving written notice of his appearance . . . or by implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff . . . or from some act done with the intention of appearing and submitting to the court's jurisdiction." (Citations and internal quotation marks omitted.)Rule v. Rule, 6 Conn. App. 541, 544-45, 506 A.2d 1061, cert. denied201 Conn. 801, 513 A.2d 697 (1986) (holding that by filing a formal appearance, and participating in prior hearings, the defendant clearly intended to submit himself to the jurisdiction of the court); see also State of New Jersey v. Goldfield,2 Conn. L. Rptr. 770, 772 (November 7, 1990) (Spear, J.) (holding that the defendants appeared by their conduct in the New Jersey proceeding); Moeinis v.Laff, Superior Court, JD of Fairfield at Bridgeport, DN. 000302 (November 6, 1990) (Thim, J.) (holding that the judgment was obtained by default in appearance due to the defendants' default on the plaintiff's motion to confirm the arbitration award).
In the North Carolina judgment at issue in the present action, CT Page 3708 the court stated that "[t]his matter was tried before the undersigned Judge Presiding without a jury at the May 2, 1994 Civil Term. The plaintiff appeared and offered evidence. The Defendants did not appear." The court then made twenty-four findings of fact, and fourteen conclusions of law, and ordered that the plaintiff recover $192,400 as compensatory damages and $23,608.82 for the plaintiff's attorneys fees and costs, plus interest. In the court's findings of facts, it recognized that "neither Defendant has made any appearance in this action and that the time within which said Defendants may answer, appear or otherwise plead has expired and that said Defendants are in default."
In addition, the stipulation of fact by the parties states that "the defendant Hagerbrandt and the other defendant in the North Carolina action, Global Equipment Sales, Inc., did not file appearances or appear at any time in the North Carolina action." The plaintiff also concedes in the certification for entry of foreign judgment that the defendant did not make any appearance in the North Carolina action.
Accordingly, based on the foregoing, the court finds that the North Carolina judgment against the defendant was obtained by the defendant's default in appearance, and the judgment cannot be given full faith and credit, and the motion to vacate the judgment is granted.