[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON JURISDICTION
The Plaintiff on October 17, 1995 filed, pursuant to C. G.S.46b-71, a foreign matrimonial judgment. The judgment was dated November 9, 1994 in the Delaware Circuit Court, Delaware County, State of Indiana. The Indiana Judgment was an "Amended Order Modifying Support" on a case which dissolved the marriage of the parties.
The Plaintiff seeks to enforce the Indiana modified support order through a contempt motion filed in this action.
The Defendant seeks to dismiss the contempt action and challenges this court's jurisdiction to enforce the Indiana orders. The parties have extensively briefed the jurisdictional issue, and were heard on the evidentiary facts relevant to jurisdiction. CT Page 4356
The parties were married and had a child through that union, Cameronne Mary Powell, born October 2, 1975. The marriage was dissolved by the Delaware County, Indiana Court on January 5, 1978. At the time of the divorce, both parties were residents of Indiana. The parties both appeared in the divorce action and were represented by legal counsel.
The Plaintiff with whom the child resided moved to the Washington D.C. area in 1982, returned to Indiana from 1987 to 1989, then returned to Virginia in 1989. The Plaintiff and child are Virginia residents. The Defendant left Indiana after the divorce and has been a Connecticut resident since 1993.
The plaintiff pursued and obtained in the Indiana Court a modification of support on March 6, 1981. The Defendant had notice of the hearing on such modification motion, but did not personally appear in court at the hearing.
The parties submitted to the Indiana Court a stipulation regarding child support, which further modified the child support orders on July 1, 1985.
The parties further stipulated and petitioned the Indiana Court to modify the child support order on January 27, 1992.
The Defendant did not physically attend either the 1985 or 1992 proceedings.
The Plaintiff again petitioned the Indiana Court to modify the support orders on July 22, 1994. The Defendant was found by the Indiana Court to have received actual notice of such motion, but did not appear at the hearing on such motion in Delaware County, Indiana. The Delaware Circuit Court on October 7, 1994 entered an order further modifying Defendant's support obligation. The Indiana court on November 9, 1994 corrected the October 7, 1994 order to correct typographical errors and direct payments through the Clerk of Delaware County. It is this most recent order, which the Plaintiff has filed and seeks to enforce.
The subject order reflects a modification pursuant to Indiana law which requires the Defendant to pay towards his daughter's college expenses. Indiana law essentially has a majority age for support of 21. CT Page 4357
The procedure for the filing of foreign (non-Connecticut) matrimonial judgments is set forth by statute C.G.S. 46b-70 et. seq. and approved by judicial review. See Sturtevant v.Sturtevant, 146 Conn. 644 (1959), Wood v. Wood, 165 Conn. 777
(1974), Krueger v. Krueger, 179 Conn. 488 (1980), Van Wagner v.Van Wagner, I Conn. App. 578 (1989) and Mirabal v. Mirabal,30 Conn. App. 821 (1993).
A foreign matrimonial judgment may be enforced or satisfied to the same effect as any judgment of a Connecticut Court.
Defendant contends that the Indiana orders filed in this case do not meet the statutory definition of a foreign matrimonial judgment. The definitional provision of C.G.S. 46b-70 indicates that a foreign matrimonial judgment is "any judgment decree or order of a court of any state in the United States in an action for . . . dissolution of marriage, for the custody or support of children . . . in which both parties have entered an appearance."
Defendant maintains that since he did not appear regarding the motion to modify support, the modification orders do not qualify for filing under the statute.
The Defendant had appeared in the underlying Indiana dissolution action, and submitted agreements to modifications of orders entered pursuant to the 1978 dissolution judgment in 1985 and 1992.
This jurisdictional claim is resolved by reference to the Appellate Court decision in Rule v. Rule, 6 Conn. App. 541, 544
(1986). "Even states with statutes that specifically preclude enforcement of default judgments will enforce judgments obtained by default where a party has defaulted in pleading after an initial appearance. Paden v. Warnke,
110 MISC.2d 61, 441 N.Y.S.2d 575, [110 Misc.2d 61, 441 N.Y.S.2d 575], (1981)."
This principle would be especially applicable in this case where the Defendant was found to have actual notice of the proceedings and had previously resorted to the Indiana Court to modify his support obligations.
The November 1994 "Amended Order Modifying Support" is a foreign matrimonial judgment.
The Defendant asserts that the Indiana support modification CT Page 4358 is not final pursuant to C.G.S. § 46b-71(a). Plaintiff affirms and Defendant does not dispute that the support order has not been stayed, vacated, further modified, altered, amended or set aside. It is thus an enforceable order. The fact that Indiana law, like that every other state, allows modification of support orders prospectively does not prevent its enforcement, implicitly recognized in C.G.S. § 46b-73(b). "If a party files an affidavit with the court that such foreign matrimonial judgment has been modified, altered or amended, the court shall enforce such foreign matrimonial judgment as modified, altered or amended."
The Defendant claims that Indiana has no jurisdiction under the Uniform Child Custody Jurisdiction Act [C.G.S.46b-90 — 46b-114 and Indiana Code. Ann. § 31-1-11.6-1-25]. The UCCJA is not implicated by this case in that the UCCJA is concerned with child custody decisions and specifically "does not include a decision relating to child support or any other monetary obligation of any person.
The UCCJA "Home State" rules are not helpful in view of the divergent purposes of custody and support orders. See C.G.S. 46b-91 for a discussion of the purposes of the UCCJA.
The Defendant also argues against enforcement on the grounds of fraud by the plaintiff in obtaining the order, and the contravention of Connecticut law regarding support for persons over the age of eighteen.
The fraud allegation concerns the plaintiff's use of a gross figure of $30,000 for annual expenses at Vanderbilt for 1994-1995. The school estimates were 26,982 and the child received an estimated 9,225 in financial aid (including loans and child's work-study earnings). The court accepted the Judgment drafted by Plaintiff's Indiana counsel ordering Defendant to pay $15,000 per year, apparently one-half of the $30,000 figure.
The Court heard the Plaintiff's testimony regarding the Indiana proceedings and has reviewed the transcript of the Indiana proceeding. The Plaintiff indicated a basis for the $30,000 estimate (which included clothing, car and related expenses) and mentioned the $5,000 grant or scholarship portion of the financial aid package.
The Court finds that the Defendant has not proven fraud by CT Page 4359 the Plaintiff in obtaining the Indiana modification order.
Connecticut General Statutes § 1-1d(1) effective October 1, 1972 established eighteen as the age of majority. Support thus normally ends in Connecticut at age 18, Sillman v. Sillman,168 Conn. 144 (1975), Hirtle v. Hirtle, 217 Conn. 394 (1991). This policy finds further expression in C.G.S. 46b-66, which requires post majority provisions for care, education, maintenance or support to be in writing. Gallo v. Gallo, 184 Conn. 36, 46
(1984), Arseniadis v. Arseniadis, 2 Conn. App. 239 (1984).
Indiana law generally continues the support obligation to the age of 21, Ind. Code. Ann. § 31-1-11.5-12. It also allows as in this case for support for college expenses even absent such a provision in the original judgment. Sterrett v. Hartzell,640 N.E.2d 74, 78 (1994).
Pursuant to C.G.S. 46b-71(b) in actions in Connecticut on a foreign matrimonial judgment "the substantive law of the foreign jurisdiction shall be controlling." The distinction between the ages of majority in Connecticut and Indiana are not of the magnitude that they would be offensive to the degree that their enforcement would be questioned. This is especially the case when Connecticut had the age 21 majority until 1972, and in 1995 revised the support laws to provide for support of eighteen year olds who were still attending high school.
Unquestionably, Indiana had jurisdiction to enter the dissolution of marriage judgment as to the parties in 1978; when they were both residents of Indiana who appeared in Court. The parties continuous resort to the Indiana Court to modify their support obligations in 1981, 1985 and 1992; continued the authority of the Indiana Court to further address its support offers in 1994.
The Court has found that the Indiana orders were not entered fraudulently. However, the Court is inclined to exercise its enforcement powers only to compel compliance with orders which reflect a sharing of the actual college expenses less scholarship grants.
The parties have requested the Court determination of the issue of jurisdiction. Jurisdiction having been found the case is continued for hearing on any enforcement and/or modification orders. CT Page 4360
McWEENY, J.