[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 2, 1999, Maxim Truck Company, Inc. (Maxim), commenced this action by filing a certificate of foreign judgment, pursuant to § 52-605 of the General Statutes, certifying that on May 15, 1998, the Jennings Circuit Court of Indiana rendered a judgment CT Page 14574 in its favor against Fiorilla Fuel, Inc. (Fiorilla).
On June 16, 1999, Fiorilla filed a motion to open or set aside the judgment and to dismiss the action on the grounds that (1) the court lacks subject matter jurisdiction to enforce the judgment pursuant to § 52-605 because the judgment was based on Fiorilla's failure to appear in the underlying action, and (2) the certificate of foreign judgment is defective because it is not acknowledged as truthful under oath and statements in the certificate are in fact untruthful.
Maxim initiated the underlying action in September, 1997. Fiorilla entered an appearance through counsel and filed a motion to dismiss for lack of personal jurisdiction which was denied. Subsequently, its counsel withdrew his appearance.
Maxim proceeded to trial. On May 15, 1998, the court rendered judgment in favor of Maxim. Neither Fiorilla nor any representative on its behalf appeared in the trial of the underlying action. The judgment and order, attached to Maxim's certificate of foreign judgment, states that Fiorilla "fails to appear for the trial of this cause."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13 (1995).
A motion to open a judgment "is not to be granted readily, nor without strong reasons. . . ." (Citations omitted; internal quotation marks omitted.) Breen v. Breen, 18 Conn. App. 166, 172, cert. denied, 212 Conn. 801 (1989). A party seeking to open a judgment under § 17-4 of the Practice Book must demonstrate that "there is a good and compelling reason" for the court to grant the motion. Hirtle v. Hirtle, 217 Conn. 394, 398 (1991).
Fiorilla argued that the judgment is based upon its failure to appear and therefore is not enforceable under § 52-605 (a). It asserts that its counsel withdrew and that thereafter it never again appeared in the underlying action before the court entered CT Page 14575 judgment against it. It notes that the judgment and order are specifically based on its failure to appear.
It further argues that it appeared in the underlying action only to contest in personam jurisdiction and that this appearance, in and of itself, did not establish jurisdiction over it. Lastly, it argues that because Maxim cannot enforce its judgment under § 52-605 (a), Maxim must file a new common law action on the judgment, pursuant to § 52-607 of the General Statutes.
Maxim argues that the judgment was not obtained because of Fiorilla's default in appearance. Maxim asserts that Fiorilla had an opportunity to answer and defend the underlying action and actually engaged counsel, who entered an appearance on its behalf, to do so. It argues that the withdrawal of appearance by Fiorilla's counsel did not serve to withdraw Fiorilla from the underlying action, it simply left Fiorilla unrepresented.
Maxim further argues that the statement in the judgment and order that Fiorilla failed to appear is merely a comment as to the state of the proceedings that occurred on the day the matter was scheduled for trial. Moreover, Maxim argues that a default was never sought or entered against Fiorilla and that the withdrawal by Fiorilla's counsel did not serve as an entry of default.
Connecticut has adopted a revised version of the Uniform Enforcement of Foreign Judgments Act (UEFJA), which is codified at §§ 52-604 through 52-609 of the General Statutes. SeaboardSurety Co. v. Waterbury, 38 Conn. Sup. 468, 469 n. 2 (App. Sess. 1982). Section 52-604 defines a foreign judgment as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."
"Section 52-605 authorizes the summary enforcement of a properly registered foreign judgment." Seaboard Surety Co.Waterbury, supra, 469. Section 52-605 (a) provides, in pertinent part: "A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment. . . ." "[A] foreign judgment that is based upon a CT Page 14576 default in appearance is not given full faith and credit, and the party seeking to enforce the judgment must proceed pursuant to [§] 52-607 by commencing an independent action on the judgment."Medstar Leasing v. Hagerbrandt, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142009 (April 10, 1995, Karazin, J.) (14 Conn. L. Rptr. 61, 62).
In Connecticut, "[t]he term appearance is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction. . . ." (Citations omitted; internal quotation marks omitted.) Rule v. Rule,6 Conn. App. 541, 544, cert. denied, 201 Conn. 801 (1986). The provision excluding foreign judgments "obtained by default in appearance" demonstrates that "[o]ne of the legislative concerns in . . . enacting . . . [§] 52-604 was that both parties have actual notice of a foreign proceeding." New Jersey v. Goldfield,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 000269 (November 7, 1990, Spear, J.). See alsoMorabito v. Wachsman, 191 Conn. 92, 101 n. 9 (1983).
By entering an appearance and filing a motion to dismiss, Fiorilla submitted the issue of personal jurisdiction to the determination of the Indiana court and was bound by that court's findings. Thus, rills actions constituted an appearance under Connecticut law. Because Fiorilla entered an appearance and contested the court's jurisdiction, it clearly had notice of the underlying action.
Cases interpreting the Enforcement of Foreign Matrimonial Judgments Act (EFMJA), §§ 46b-70 through 46b-75 of the General Statutes, are helpful to a resolution of the present matter because a foreign matrimonial judgment will be enforced only if it is one "in which both parties have entered an appearance," similar to judgments under the UEFJA. Section 46b-70 of the General Statutes. Under the EFMJA, a foreign judgment will be enforced where a defendant makes only a special appearance for the purpose of contesting the foreign court's jurisdiction.Morabito v. Wachsman, supra, 101. Moreover, where a defendant makes an appearance, but his attorney withdraws her appearance prior to the entering of a judgment against the defendant, the judgment will be enforced under the EFMJA because the withdrawal by an attorney of her own appearance does not have the effect of withdrawing her client's appearance. Rule v. Rule, supra, 545-46.
In addition, case law from New York "which [has] adopted CT Page 14577 the . . . UEFJA . . . is instructive." New Jersey v. Goldfield,
supra, Superior Court, Docket No. 000269. In L W AirConditioning Co. v. Varsity Inn of Rochester, Inc., 371 N.Y.S.2d 997
(1975), aff'd, 392 N.Y.2d 585, 392 N.Y.S.2d 853 (1977), the court held that a one time appearance, made only to deny the allegations of a complaint and to contest jurisdiction, was sufficient under the UEFJA even though the judgment was taken by default due to the defendant's failure to appear at trial. The court explained that the term "default in appearance" under the UEFJA was "intended to exclude not all judgments taken by default, but only those default judgments where there is no appearance at all in the action." Id., 999. See also Paden v.Warnke, 441 N.Y.S.2d 575 (1981).
The withdrawal by Fiorilla's attorney did not serve to withdraw Fiorilla's appearance. The fact that Fiorilla appeared, as it contends, for the sole purpose of contesting in personam jurisdiction is irrelevant because such an appearance is sufficient for purposes of the UEFJA based on the foregoing case law. Whether based on a default in appearance or a failure to appear at the time of trial, because Fiorilla did enter an appearance in the underlying action, the judgment was not one obtained by "default in appearance" within the meaning of §52-604. Accordingly, Maxim is entitled to expedited enforcement of the judgment under § 52-605.[1]
Additionally, Fiorilla moves to open or set aside the judgment and dismiss the action on the ground that the certificate of foreign judgment does not comply with Section 1-60 of the Connecticut General Statutes because it is not acknowledged as truthful under oath and does not contain the words "acknowledged before me."[2] Fiorilla further argues that the certificate is defective because Maxim's president did not acknowledge that "(1) [he] held the position or title set forth in the certificate; (2) [he] signed the certificate by proper authority of the corporation; and (3) the certificate was the act of the corporation for the purpose therein stated" as required by Sections 1-61 and 1-62 (2) of the General Statutes.
Section 1-60 provides, in pertinent part: "The form of a certificate of acknowledgment . . . shall be accepted in this state if . . . the certificate contains the words "acknowledged before me", or their substantial equivalent." In the case of a corporation, § 1-61 (3)(B) provides that "acknowledged before me" means "the officer or agent acknowledged he held the position CT Page 14578 or title set forth in the instrument and certificate; he signed the instrument on behalf of the corporation by proper authority, and the instrument was the act of the corporation for the purpose therein stated." Section 1-62 (2) sets forth a corporate acknowledgment form.
The language "acknowledged before me" in § 1-60 is not mandatory. Under § 1-60 the "substantial equivalent" of the phrase is sufficient. Also, the language set forth in §§ 1-61 (3) (B) and 1-62 (2) is not required. Section 1-61 (3)(B) defines the meaning of the phrase "acknowledged before me's in § 1-60 for corporations and, as stated in § 1-60, the substantial equivalent of this language will suffice. Moreover, as Maxim notes, § 1-62
provides only an example of an acceptable corporate acknowledgment. Section 1-62 states "[t]he forms of acknowledgment set forth in this section may be used . . . ." It further provides that "[t]he authorization of the forms in this section does not preclude the use of other forms."
The certificate of foreign judgment is an adequate acknowledgment because it substantially complies with §§ 1-60 and1-61 (3)(B). The certificate specifically states that Maxim's president, Lester L. Lee, who was "duly authorized," executed the certificate. Furthermore, the purpose of Maxim's certificate is clear; it is certifying that Maxim obtained a judgment against Fiorilla.
Moreover, Maxim's president, "being duly sworn," personally appeared and "subscribed the foregoing [statements] as and for his free act and deed" before a notary public. Under Indiana law, a notary public may not "[a]cknowledge the execution of . . . [a]n affidavit, unless the affiant acknowledges the truth of the statements in the affidavit. . . ." Section 33-16-2-2(6)(A) of the Indiana Code. Thus, the fact that a notary public acknowledged the certificate is proof that Maxim's president acknowledged the truth of the statements in the certificate.[3]
The motion to open or set aside the judgment and to dismiss the action is, accordingly, denied.
Moraghan, J.