[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 22, 1999, the plaintiff filed in the clerk's office for the judicial district of Hartford a certified copy of a judgment of the New York Supreme Court, County of Otsego, which in effect decreed, inter alia, that the defendant Angelo Squillante was a judgment debtor of the plaintiff Wilber Bank. The certified copy of the judgment was accompanied by two affidavits in support of the filing of the judgment, all purportedly in compliance with the Uniform Enforcement of Foreign Judgments Act (the "Act"), §§ 52-604 et seq. of the General Statutes.
On October 16, 2000, counsel for Squillante appeared and on July 7, 2001, counsel filed a motion to dismiss[1] the "proceeding". Although several issues were raised, including the contention that the judgment was not filed by Connecticut counsel, the issue which has been presented CT Page 2432 for resolution is whether the New York judgment is one which was "obtained by default in appearance." Two evidentiary hearings were held, and the matter has been briefed and argued. A stay has been in effect while the matter is pending.
The Uniform Enforcement of Foreign Judgments Act provides a simple and efficient way of converting a foreign judgment to a domestic judgment. Generally as enforceable as a judgment entered in Connecticut, it cannot be collaterally attacked. See, e.g., the discussion of the Appellate Session of the Superior Court in Seabound Surety Co. v. Waterbury,38 Conn. Sup. 468 (App. Sess. 1982). When the Connecticut General Assembly enacted the uniform act, it included the safeguard that certain sorts of foreign judgments were not to be simply certified in order to be effective domestically. Section 52-604 of the General Statutes provides that the act applies to "any judgment . . . which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."[2] "The provision excluding foreign judgments `obtained by default in appearance' demonstrates that `[o]ne of the legislative concerns in . . . enacting . . . [§] 52-604
was that both parties have actual notice of a foreign proceeding.' NewJersey v. Goldfield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 000269 (November 7, 1990, Spear, J.). See alsoMorabito v. Wachsman, 191 Conn. 92, 101 n. 9 (1983)." Maxim Truck Co.,Inc. v. Fiorilla Fuel, 1999 Ct. Sup. 14573 (Moraghan, J.) (1999).
Whether the New York judgment in this case was obtained "by default in appearance" was the subject of evidentiary hearings in this case. The inquiry was triggered by the language in the judgment itself. The New York judgment recited that the judgment was entered "[u]pon the [p]laintiff's motion for entry of a default judgment. . . ."[3] The certified copy of the judgment was accompanied by affidavits, as required by § 52-605 (a), which recited, inter alia, that one Craig Fritzsch, Esq., represented the defendants in the New York matter and submitted an "affidavit in opposition". Fritzsch was successful in defeating a motion for a deficiency judgment in the action involving real estate[4] but was unsuccessful in defeating this action, the action on the note. Judgment entered jointly and severally against Squillante and others in the amount of $415,819.24.
Testimony at the hearings fleshed out the proceedings in New York. Harvey Mervis, the attorney representing Wilber Bank in New York, testified about New York procedures as well as what had happened in New York. Without reciting all the details, I find that after service[5] of the initial documents in New York, Mervis, representing the bank, had a number of discussions with Squillante and at least one attorney, Neil Factor, who was acting on Squillante's behalf. After filing a motion for CT Page 2433 default, he spoke with a Craig Fritzsch, who also represented Squillante. Prior to the determination of both actions, Fritzsch prepared an "affirmation in opposition", which has a caption and a docket number and which was brought to the attention of the judge in New York, Hon. Kevin Dowd. In the affidavit, Fritzsch recited that he represented Squillante ("I am the attorney for defendant Angelo Squillante in the above-entitled matter. . . .") and that he opposed the motions in the two cases for reasons recited in the affidavit. As noted previously, he was successful in part in his opposition.
There was also considerable testimony regarding the proper sorts of service in New York and the ways of entering appearances in New York. The details of service and jurisdiction of the foreign court are best resolved by the foreign court; see Smith v. Smith, 174 Conn. 434, 438
(1978); suffice it to say that I do not find any claimed deficiencies in this case so flagrant and egregious that this court cannot give full faith and credit to the New York proceedings.
While the matter was pending before me, a motion to vacate the underlying New York proceeding was also pending before Judge Dowd in New York. He denied the motion to vacate in the end of December, 2001. Although the conclusions of law are not entirely clear, as there appears to be some error in transcription, he included the following in his factual findings.
On June 16, 1998 plaintiff commenced an action against Squillante and two other defendants upon failure to repay a loan. Plaintiff pursued two separate actions to foreclose upon real property and to seize and sell personal property. Defendant did not appear in either one of the lawsuits. Plaintiff brought a motion for a default judgment in the personal property action and a motion for a deficiency judgment in the real property action on notice to the defendants. Defendant, Squillante appeared in both of those actions by attorney, Craig Fritsch (sic). The question of jurisdiction or lack thereof was never raised at that time.
Judge Dowd apparently concluded, though the grounds are not entirely clear, that any defect in personal jurisdiction was waived by Squillante's participation in the proceedings, through counsel, and any defect could not be raised in postjudgment proceedings for the first time.
It is somewhat tempting to simplify the analysis by referring to the use of the word "default" in the initial judgment, along with the evidence to the effect that the initial proceedings in New York were conducted by way of default. If one then reasons that the act is designed to promote efficiency of collection, with the trade-off consideration CT Page 2434 that the act is available only in straightforward situations, the conclusion that the act is an inappropriate way to proceed on the particular New York judgment in this case might be reached.[6] This is not, however, the proper analysis. Several cases in our jurisdiction have considered analogous factual considerations and have determined that the underlying judgments were not "obtained by default in appearance.
In Rule v. Rule, 6 Conn. App. 541 (1986), the Appellate Court considered the application of the Enforcement of Foreign Matrimonial Judgments Act, §§ 46b-70 et seq. of the General Statutes, which provides for the domestic enforcement of foreign judgments dealing with family matters "in which both parties have entered an appearance." The statutory scheme is very much like the act in issue. In Rule counsel had entered an appearance, but withdrew the appearance prior to judgment in the foreign action. The defendant argued that the judgment was thus unenforceable pursuant to the act, because there was no appearance in effect at the time of the judgment. The court disagreed.
 The requirement of the entry of an appearance by both parties is a "threshold requirement for enforcement" pursuant to the statute Morabito v. Wachsman, 191 Conn. 92, 101, 463 A.2d 593 (1983). Even a one time special appearance in another state to contest jurisdiction is sufficient to allow enforcement in Connecticut of a judgment subsequently rendered for support arrearages obtained in the other state. Id. The statutory language reflects the intent of the legislature to ensure that both parties have actual notice of an out of state proceeding, and to preclude adoption of foreign judgments obtained by a default in appearance. See id., 101 n. 9; see also General Statutes 52-604. Even states with statutes that specifically preclude enforcement of default judgments will enforce judgments obtained by default where a party has defaulted in pleading after an initial appearance. Paden v. Warnke, 110 Misc.2d 61, 441 N.Y.S.2d 575 (1981).
. . . .
"The term `appearance' is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction. . . ." Jur.2d, Appearance 1. A party may make a formal appearance in an action by giving written notice of his appearance; see Practice Book CT Page 2435 64; Mass. R Civ. Proc. 11(a); or by "implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff . . . or from some act done with the intention of appearing and submitting to the court's jurisdiction." 5 Am.Jur.2d, Appearance 14; see Beardsley v. Beardsley, 144 Conn. 725, 729-30, 137 A.2d 752 (1957); Buckley v. John, 314 Mass. 719, 721-22, 51 N.E.2d 317 (1943). The defendant in this case clearly intended to submit himself to the court's jurisdiction by filing a formal appearance in accordance with the Massachusetts rules of civil procedure and by participating extensively in prior hearings in the contempt proceeding.
 Rule v. Rule, 6 Conn. App. 541, 544-45 (1986).
Similarly, the Superior Court in Maxim Truck Co., Inc. v. FiorillaFuel, Inc., supra, considered the situation in which the defendant had filed a special appearance for the purpose of contesting jurisdiction in Indiana; subsequently, judgment was entered by default for failure to appear at trial. Judge Moraghan wrote that the purpose of the exclusion of judgments which were obtained by "default of appearance" was to avoid expedited enforcement of actions in which the person against whom enforcement is sought had no actual notice of the underlying action.
By entering an appearance and filing a motion to dismiss, Fiorilla submitted the issue of personal jurisdiction to the determination of the Indiana court and was bound by that court's findings. Thus, rills (sic) actions constituted an appearance under Connecticut law. Because Fiorilla entered an appearance and contested the court's jurisdiction, it clearly had notice of the underlying action.
. . . .
In addition, case law from New York "which [has] adopted the . . . UEFJA . . . is instructive." New Jersey v. Goldfield, supra, Superior Court, Docket No. 000269. In LW Air Conditioning Co. v. Varsity Inn ofRochester, Inc., 371 N.Y.S.2d 997 (1975), aff'd, 392 N.Y.2d 585,392 N.Y.S.2d 853 (1977), the court held that a one time appearance, made only to deny the allegations of a complaint and to contest jurisdiction, was sufficient under the UEFJA even though the judgment was taken by default due to the defendant's failure to appear at trial. The court explained that the term "default in appearance" under the UEFJA was "intended to exclude not all judgments taken by default, but only those default judgments where there is no appearance at all in the action." CT Page 2436 Id., 999. See also Paden v. Warnke, 441 N.Y.S.2d 575 (1981).
The withdrawal by Fiorilla's attorney did not serve to withdraw Fiorilla's appearance. The fact that Fiorilla appeared, as it contends, for the sole purpose of contesting in personam jurisdiction is irrelevant because such an appearance is sufficient for purposes of the UEFJA based on the foregoing case law. Whether based on a default in appearance or a failure to appear at the time of trial, because Fiorilla did enter an appearance in the underlying action, the judgment was not one obtained by "default in appearance" within the meaning of § 52-604. Accordingly, Maxim is entitled to expedited enforcement of the judgment under §52-605.
 Maxim Truck Co., Inc. v. Fiorilla Fuel, supra.
It is clear in the case at hand that Mr. Squillante had notice of the proceedings and that at least one attorney representing him participated in the judicial proceedings. Judge Dowd found as a fact that Squillante appeared through counsel to contest the motion for default. It is clear that Judge Dowd considered his attorney's arguments. It simply cannot be said that the judgment was obtained by "default in appearance" under the facts of this case. There is no violation of the underlying policy, and no violation of fundamental due process, because Squillante clearly had actual notice of the proceedings and an opportunity to be heard. The motion to dismiss (or to open or vacate) the judgment is denied.[7]
Because the ruling of Judge Dowd on the motion to vacate the New York judgment is reportedly being appealed, I will exercise equitable powers and order that enforcement of the judgment be stayed pending determination of the appeal in New York. See § 52-606 of the General Statutes.
Beach, J.