[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Grand Caribbean Co., Ltd. (Grand), by its counsel has filed a certificate of foreign judgment, certifying that on March 9, 1995, the Supreme Court of the State of New York, County of New York, granted a judgment totalling $78,978.33 against the defendant, Piscitell Capital Corp. (Piscitell) and that the judgment "was not obtained by default in appearance or by confession of judgment." The certified copy of the order and judgment in Grand Caribbean Co., Ltd. v. Piscitell Capital Corp., Index No. 127133/94, which was also filed by Grand, further indicates that Grand moved the court for an order confirming the arbitration award in its favor and for the entry of judgment thereon, pursuant to N.Y. Civ. Prac. L. R. 7510 (McKinney 1980), and that on January 17, 1995, the court granted Grand's motion to confirm the arbitration award and ordered that Grand recover $78,978.33 from Piscitell.
Piscitell subsequently filed in this court a motion to CT Page 11087 dismiss and/or vacate the judgment of the New York court and Grand filed an objection thereto.
According to General Statutes § 52-604 of the Uniform Enforcement of Foreign Judgments Act (UEFJA), a foreign judgment is "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." (Emphasis added.) "The § 52-605
proceeding, by which a foreign judgment that is not obtained by default of appearance . . . is treated the same as a judgment obtained in Connecticut, is a codification of the common-law rule of res judicata . . . . Under the common law, a final judgment that is rendered by a court of competent jurisdiction is conclusive of the rights of the parties in the same or any other judicial tribunal. . . . The effect of § 52-605, therefore, is to establish a foreign judgment that is not obtained by a default in appearance . . . as a domestic judgment that is conclusive of the defendant's indebtedness." (Citations omitted; emphasis in original.) Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,470-71, 451 A.2d 291 (App. Sess. 1982). Section 52-605(a) requires, in part, that "[a] judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment . . . ."
A foreign judgment that is based upon a default in appearance, however, is not given full faith and credit, and in such a case, a party must proceed pursuant to § 52-607 by commencing an independent action on the judgment in order to enforce the judgment. See Medstar Leasing Co. v. Hagerbrandt,
Superior Court, JD of Stamford/Norwalk at Stamford, DN. 14200914 Conn. L. Rptr. 61 (March 29, 1995) (Karazin, J.).
The parties in the present case both rely upon the language of the New York order and judgment in support of their arguments regarding whether the judgment was based upon a default in appearance. Piscitell contends that it is clear from the language of the order and judgment that it was obtained due to Piscitell's failure to appear to oppose the confirmation of the arbitration award. Piscitell also states, in a footnote in its reply brief, that it "never knew of the petition to confirm the arbitration and never received it. Consequently, [it] had no opportunity to oppose the confirmation proceedings in New York. Additionally, CT Page 11088 [it] never received the amended notice of confirmation of the arbitration or the default judgment rendered by Judge Shainswit in New York."
Grand argues, however, that the judgment was not obtained by default in appearance, in that Piscitell submitted to arbitration, where it was represented by counsel, called witnesses and presented evidence. Grand states that Piscitell did not pay the award, and therefore, it was compelled to move to confirm the award. Piscitell did not oppose Grand's petition to confirm, and on December 5, 1994, Grand moved to default Piscitell, which was granted on December 9, 1994. Grand further states that its motion for judgment confirming the award was granted on January 17, 1995, after the New York court considered Grand's "Amended Notice of Petition, dated November 14, 1994, the Petition, dated September 21, 1994 and the exhibits annexed thereto including the arbitration award, dated August 23, 1994, and upon all the other papers and proceedings had and filed."
In support of its motion, the defendant relies primarily uponMoeinis v. Laff, Superior Court, judicial district of Fairfield at Bridgeport, DN. 000302 (November 6, 1990) (Thim, J.), in which the court held that the New York judgment could not be treated as a judgment of this court under the UEFJA because it was obtained by default in appearance due to the defendant's default on the plaintiffs' motion to confirm an arbitration award. Specifically, the plaintiffs in Moeinis contended that the New York judgment was enforceable under the UEFJA because the defendant consented to the jurisdiction of the New York court pursuant to the terms of the arbitration agreement, appeared before the arbitration panel, which appearance "carried over into the New York court proceeding brought to confirm the award," and had "actual knowledge" of the proceedings in the New York court. Id. The court recognized that the affidavit attached to the plaintiffs' application to register the New York judgment was insufficient in that it did not certify that the judgment was not obtained by default in appearance, as is required by § 52-605. Id.
More importantly, the court in Moeinis stated that the New York judgment indicated that "the defendants defaulted on said motion to confirm the arbitration award. The judgment file also indicated the proceedings were conducted pursuant to Sec. 7510 of the Civil Practice Law and Rules of New York. This provision of the New York Law is similar to the Connecticut statute which provides for the confirmation of arbitration awards. Gen. Stat. CT Page 11089 Sec. 52-417. The New York Law, like the Connecticut law, provides for the filing of an application in court. The New York judgment file states that the defendant defaulted on said motion. Under the circumstances, I must conclude that the judgment was obtained by default in appearance." (Internal quotation marks omitted.) Id. Accordingly, the court vacated the judgment and dismissed the proceeding.
Grand, however, relies primarily upon Fahnestock Co., Inc.v. Tuttle, Superior Court, JD of Waterbury, DN. 953212 Conn. L. Rptr. 61 (July 6, 1990) (Harrigan, J.), as support for its contention that the judgment at issue is not based upon a default in appearance. In Fahnestock, the plaintiff filed a certificate of foreign judgment in this state. The defendant had appeared before the New York Stock Exchange arbitration panel in regard to a debt it owed to the plaintiff, and the panel found in favor of the plaintiff. Id. In accordance with Sec. 7510 of the Civil Practice Law and Rules of New York, the plaintiff filed an application in the New York Supreme Court to confirm the arbitration award, which was unopposed, and therefore, the award was confirmed. Id. In the Connecticut proceeding to enforce the judgment, the defendant claimed that the notice of the New York hearing to confirm the award was not served properly and that the judgment was obtained by default. Id.
The Connecticut court in Fahnestock recognized that the New York court had "based its order upon the reading and filing the notice of petition . . ., the petition . . . and exhibits thereto including a copy of the Arbitration Award . . . together with proof of service; all in support of the application and the respondent having failed to appear in opposition thereto . . . ." (Internal quotation marks omitted.) Id. The court held that the fact that the New York court stated in the order that the plaintiff's application was "granted on default" was "of no moment" because the "entry of judgment against a party in his absence is not necessarily a default judgment" and "a judgment confirming an award which is unopposed, whether or not through inadvertence is not within the traditional definition of a default judgment." Id., quoting Steve Viglione Sheet Metal Co. v.Sakonchick, 190 Conn. 707, 710-11, 462 A.2d 1037 (1983). The court then recognized the finding of proper service by the New York court and concluded that the New York judgment was entitled to full faith and credit.
In the present case, the New York order and judgment CT Page 11090 indicates that Grand moved the New York court for an order confirming the arbitration award in its favor and for the entry of judgment thereon, pursuant to N.Y. Civ. Prac. L. R. 7510, which the New York court granted "upon reading and filing petitioner's Amended Notice of Petition, dated November 14, 1994, the Petition, dated September 21, 1994 and the exhibits annexed thereto including the arbitration award, dated August 23, 1994, and upon all the other papers and proceedings had and filed herein, and respondent's time to appear or answer in this proceeding having expired, and respondent having failed to appear or answer, and this court having granted petitioner's motion on default in a decision dated December 9, 1994."
It is significant that the order and judgment of the New York court made no finding of "proof of service", and there is no indication that the defendant had prior knowledge of the petition to confirm the arbitration award or of the hearing thereon. In this regard, it is distinguishable from Fahnestock on its facts.
The New York court having found ". . . [defendant's] time to appeal or answer in this proceeding having expired, and [defendant] having failed to appear or answer, and this court having granted petitioner's motion on default . . .," this court finds that the New York judgment against the defendant was obtained by its default in appearance. Thus, the judgment cannot be given full faith and credit, and the defendant's motion to dismiss the plaintiff's action and to vacate the certificate of foreign judgment is granted.