## MARTY MIRABAL *v.* DEANNE MIRABAL
### (11290)

O'CONNELL, FOTI and LANDAU, Js.

Argued February 9—decision released April 6, 1993

*Barry J. Ward,* for the appellant (plaintiff).

*Bernard W. Steadman,* for the appellee (minor child).

FOTI, J. The plaintiff appeals from the trial court's denial of his motion to open and modify by vacating a child support order entered as part of a 1986 California divorce that was filed pursuant to General Statutes § 46b-70 et seq.[1] The plaintiff claims that the trial court improperly (1) found California evidence code § 621 (c) to be a statute of limitations that barred an agreement

---

[1] General Statutes §§ 46b-70 through 46b-75 govern the enforcement of foreign matrimonial judgments. Section 46b-71 (a) provides that "[a]ny party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered,

as to nonpaternity, (2) denied his motion to modify without making any findings of fact concerning cohabitation based on California law, (3) held that the California judgment satisfied the definition of a foreign judgment pursuant to General Statutes § 46b-70, and (4) construed California law to impose a two year statute of limitations on the question of paternity. We agree with both parties[2] that the California judgment did not satisfy the definition of a foreign judgment under § 46b-70 and find that issue to be dispositive.

The following undisputed facts are relevant to this appeal. On February 27, 1986, the marriage of the named parties was dissolved in the Superior Court of California, county of Solano. The judgment granted the parties "joint legal custody of the minor child, Brian Mirabal, [with] sole physical custody to [Deanne Mirabal], with reasonable visitation to [Marty Mirabal]." The plaintiff was ordered to pay $288 per month as child support. Although the defendant, Deanne Mirabal, had been served with notice by mail, she did not appear in that proceeding. The plaintiff was represented by counsel.

Subsequently, the plaintiff moved to Connecticut and filed the judgment with the Superior Court in Connecticut. At some point in 1991, the plaintiff obtained information that the child was not his son. Thereafter, on October 9, 1991, the plaintiff moved to open and modify the judgment. The plaintiff asked the court to terminate the support order, to give the defendant sole custody and to order that the child was not issue of the mar-

amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment and the name and address of the court in the foreign state which rendered such judgment."

[2] The parties to this appeal are the plaintiff, Marty Mirabal, and the minor child, Brian Mirabal, through his court-appointed counsel.

riage of the parties. At the plaintiff's request, he, the defendant and the child underwent blood tests on October 24, 1991, which determined that the plaintiff had a zero probability of being the child's father. On January 21, 1992, by agreement of the plaintiff and defendant,[3] the court, *Mihalakos, J.*, ordered that the child was not the issue of the marriage and appointed counsel to represent the child. On March 16, 1992, the child, through his counsel, filed a motion to vacate and an objection to the modification. The plaintiff filed an objection to the child's motion on March 25, 1992. On March 30, 1992, the court, *Hendel, J.*, after hearing arguments, granted the child's motion to vacate and denied the plaintiff's motion to modify. On June 25, 1992, the court filed an articulation of its decision. On July 20, 1992, a stipulation regarding rectification of the record for appeal was filed, signed by the plaintiff and his counsel, by the nonappearing defendant, and by counsel for the child. The stipulation indicates that (1) Deanne Mirabal had never resided in nor been to California; (2) the minor child was born at the hospital at the submarine base in Groton, Connecticut, and (3) Deanne Mirabal was served notice by mail regarding the California divorce but never appeared.

The trial court held that because Deanne Mirabal had been served with notice of the divorce action and the motion to modify, and both she and the plaintiff appeared before the court at the initial modification hearing, it had jurisdiction to decide the matter. We disagree.

" 'Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is

---

[3] The record indicates that while the defendant may have been present at this original modification hearing, she never filed an appearance and has not appeared subsequently.

dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that a matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. . . .' " *Castro* v. *Viera,* 207 Conn. 420, 433–34, 541 A.2d 1216 (1988). Subject matter jurisdiction, unlike personal jurisdiction, cannot be conferred on the court by waiver or consent of the parties, nor can the court confer jurisdiction on itself. Id., 427–30. Such jurisdiction relates to the court's competency to exercise power. *Plasil* v. *Tableman,* 223 Conn. 68, 80, 612 A.2d 763 (1992).

General Statutes § 46b-71 (b) consigns to the courts of this state the power to enforce, satisfy, modify, alter, amend, vacate, set aside or suspend a foreign matrimonal judgment that has been properly filed in a Connecticut court. This subject matter jurisdiction is circumscribed, however, by General Statutes § 46b-70, which defines a foreign matrimonial judgment as "any judgment, decree or order of a court of any state in the United States in an action for  . . .  divorce  . . .  or dissolution of marriage, for the custody  . . .  or support of children  . . .  *in which both parties have entered an appearance."* (Emphasis added.) The requirement of the entry of an appearance by both parties is a "threshold requirement for enforcement" of a foreign matrimonial judgment. *Morabito* v. *Wachsman,* 191 Conn. 92, 101, 463 A.2d 593 (1983). The language of § 46b-70 differs from that of other uniform enforcement of judgment acts; it "reflects the intent of the legislature to ensure that both parties have actual notice of an out-of-state proceeding, *and to preclude adoption of foreign judgments obtained by a default in*

*appearance."* (Emphasis added.) *Rule* v. *Rule,* 6 Conn. App. 541, 544, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986); *Morabito* v. *Wachsman,* supra, 101 n.9. A trial court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of § 46b-70.

It is clear in this case that at the time of the dissolution proceedings, the defendant never filed an appearance in accordance with the California rules of civil procedure.[4] Because the defendant never entered her appearance in those proceedings, the California judgment is not a "foreign matrimonial judgment" as defined by General Statutes § 46b-70 and may not be modified or vacated by a Connecticut court. Her receipt of notice and presence at the initial hearing in Connecticut on the motion for modification did not cure this jurisdictional defect. The trial court lacked subject matter jurisdiction and should have dismissed the matter. See *Van Wagner* v. *Van Wagner,* 1 Conn. App. 578, 579 n.2, 474 A.2d 110 (1984).

The judgment is reversed and the case is remanded with direction to render judgment dismissing the matter for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

---

[4] Under the full faith and credit clause United States constitution, art. IV, § 1, the judicial proceedings of a state must be given full faith and credit in every other state. The judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, not subject to modification in the state in which it was rendered. *Krueger* v. *Krueger,* 179 Conn. 488, 490, 427 A.2d 400 (1980). The full faith and credit clause does not automatically transform a foreign judgment into a valid judgment in this state; in order for a foreign judgment to constitute a valid judgment, it must be made a judgment in this state. *Cahn* v. *Cahn,* 26 Conn. App. 720, 730, 603 A.2d 759, cert. granted, 221 Conn. 924, 608 A.2d 688 (1992).