### JEAN VITALE *v.* DANIEL KRIEGER
### (AC 16095)

Foti, Dupont and Stoughton, Js.

Argued September 29—officially released November 18, 1997

---

*C. Michael Budlong*, with whom was *Campbell Barrett*, for the appellant (defendant).

*Gerald A. Roisman*, with whom was *Edith F. McClure*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendant, Daniel Krieger, appeals from the judgment of the trial court modifying a decree of divorce rendered in the District Court of Dallas County, Texas. The decree of divorce had previously been modified in Texas, Maryland and Connecticut. On April 29, 1996, the trial court rendered a decision on various motions for modification, contempt and counsel fees. The defendant now claims that the trial court lacked subject matter jurisdiction and that if the court had jurisdiction, it failed to apply the substantive law of the state of Texas as required by General Statutes § 46b-71. We conclude that the court had subject matter jurisdiction but agree that it failed to apply the proper substantive law.

The parties' marriage was dissolved by a decree rendered on July 3, 1986, in the District Court of Dallas County. The judgment included provisions for the custody and financial support of the minor child of the marriage. On November 22, 1988, the District Court of Dallas County modified the custody and support provisions. Subsequent orders affecting support and visitation were made in Montgomery County, Maryland. On February 5, 1993, and thereafter, the parties filed motions in the Superior Court in the judicial district of Hartford-New Britain. On March 9, 1993, May 17, 1994,

and July 13, 1994, the Superior Court issued orders concerning support, counsel for the minor child and counsel fees. Thereafter, the parties filed motions for modification and contempt. The trial court held extensive hearings and on April 29, 1996, rendered its judgment.

Foreign matrimonial judgments may be enforced, modified or otherwise dealt with in Connecticut pursuant to the provisions of General Statutes §§ 46b-70 through 46b-75. Section 46b-71 requires the filing of a certified copy of a foreign matrimonial judgment in the courts of this state where enforcement is sought and empowers the courts of this state to treat such a judgment in the same manner as any like judgment of a court of this state.[1]

The defendant first claims that the trial court lacked jurisdiction to act because the copy of the Dallas County decree filed with that court was not certified. He points out that the trial court found that the plaintiff did not file a certified copy of the judgment until January 5, 1996. The supplemental record, however, contains a copy of the decree with a certification by the district clerk of Dallas County dated March 11, 1992. That copy was filed in the Connecticut trial court on September 11, 1992. The record also contains certified copies of the orders issued in Maryland. Thus, according to the supplemental record, the plaintiff did comply with the certification requirements.

Section 46b-71 (b) also provides that "in modifying, altering, amending, setting aside, vacating, staying or suspending any . . . foreign matrimonial judgment in

---

[1] General Statutes § 46b-71 (a) provides in pertinent part: "Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment . . . a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended . . . ."

this state the substantive law of the foreign jurisdiction shall be controlling." The Superior Court, in deciding the motions before it, applied the substantive law of Connecticut rather than that of the foreign jurisdiction, Texas. Clearly, when modifying a foreign matrimonial judgment, the courts of this state must apply the substantive law of the foreign jurisdiction, and failure to do so constitutes plain error. *Colby* v. *Colby*, 33 Conn. App. 417, 421, 635 A.2d 1241 (1994).

The judgment is reversed and the case is remanded for further proceedings in which the trial court is instructed to apply the substantive law of Texas.

In this opinion the other judges concurred.