FAY HUMERLINE LINDO *v.* HERSELL O. LINDO
(AC 15983)
(AC 16783)

Foti, Lavery and Landau, Js.

Argued January 13—officially released May 12, 1998

*George C. Springer, Jr.,* for the appellant (defendant).

*Lori Welch-Rubin,* for the appellee (plaintiff).

*Opinion*

FOTI, J. In the first of these consolidated appeals, the defendant, Hersell O. Lindo, appeals from the judgment of the trial court dismissing his motion to modify a foreign matrimonial judgment for lack of subject matter jurisdiction. The second appeal is the defendant's appeal from the judgment of the trial court granting the

motion filed by the plaintiff, Fay Humerline Lindo, for counsel fees to defend the first appeal.

The relevant facts are as follows. The parties were married in Jamaica in 1977. The plaintiff presently lives in West Haven and attends law school. The plaintiff maintains her permanent residence in Michigan. The defendant is a resident of Maine and owns no property in Connecticut. The parties were divorced in New York in 1982.[1] The defendant did not enter an appearance in the New York dissolution action. In 1985, the plaintiff petitioned a Michigan court to modify the New York decree. On February 24, 1986, the Michigan court rendered judgment modifying the New York decree. Pursuant to the modification, the defendant's child support obligation was increased from $750 per month to $500 per week. At the time the Michigan court rendered judgment modifying the New York decree, the defendant again failed to enter an appearance. Some time thereafter, the defendant appeared through counsel in the Michigan court and filed a motion to set aside the judgment, which was denied on September 12, 1986. Four years later, in 1990, the defendant again appeared through counsel in the Michigan court and filed a petition for reduction of child support and elimination of alimony. The defendant's petition was dismissed on July 31, 1992, at which time the court stated that the defendant should not approach the court for relief until such time as his substantial arrearages were paid.[2]

On May 15, 1995, pursuant to General Statutes § 46b-71,[3] the defendant filed the Michigan judgment as a

[1] Pursuant to the New York decree, the plaintiff was awarded $750 per month in alimony. In addition, the defendant was required to pay $750 per month as child support for Monifa Elizabeth Lindo, a child of the marriage, who was born on January 11, 1979.

[2] While the record discloses no findings of contempt against the defendant, his arrearages as of December 28, 1995, are reported by the Michigan court as being $114,637.15. This figure represents child support arrearages of $73,944.15 and alimony arrearages of $40,693.

[3] General Statutes § 46b-71 provides: "(a) Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified

foreign matrimonial judgment. On July 17, 1995, the defendant moved for modification of the Michigan court orders regarding support, alimony and visitation. On March 12, 1996, the plaintiff moved to dismiss the defendant's motion for forum non conveniens. At the hearing on the plaintiff's motion to dismiss, the trial court directed the parties to address the issue of whether the court had subject matter jurisdiction. On April 3, 1996, the plaintiff filed a motion to dismiss for lack of subject matter jurisdiction pursuant to General Statutes § 46b-70.[4] The court, *Munro, J.*, granted the motion on April 29, 1996. The first appeal followed.

On June 5, 1996, the plaintiff filed a motion for counsel fees to defend the first appeal. Following a hearing on December 2, 1996, the trial court, *Alander, J.*, awarded the plaintiff attorney's fees in the amount of

copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment and the name and address of the court in the foreign state which rendered such judgment.

"(b) Such foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state; provided such foreign matrimonial judgment does not contravene the public policy of the state of Connecticut. A foreign matrimonial judgment so filed shall have the same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling."

[4] General Statutes § 46b-70 provides: "As used in sections 46b-70 to 46b-75, inclusive, 'foreign matrimonial judgment' means any judgment, decree or order of a court of any state in the United States in an action for divorce, legal separation, annulment or dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children or for alimony, support or the disposition of property of the parties to an existing or terminated marriage, in which both parties have entered an appearance."

$5000, to be paid by the defendant at the rate of $1000 per month. The second appeal followed.

## I

"Foreign matrimonial judgments may be enforced, modified or otherwise dealt with in Connecticut pursuant to the provisions of General Statutes §§ 46b-70 through 46b-75. Section 46b-71 requires the filing of a certified copy of a foreign matrimonial judgment in the courts of this state where enforcement is sought and empowers the courts of this state to treat such a judgment in the same manner as any like judgment of a court of this state." *Vitale* v. *Krieger*, 47 Conn. App. 146, 148, 702 A.2d 148 (1997). The power of the courts of this state to modify a foreign matrimonial judgment is circumscribed by § 46b-70, which defines a foreign matrimonial judgment as a judgment in which both parties have entered an appearance. *Mirabal* v. *Mirabal*, 30 Conn. App. 821, 825, 622 A.2d 1037 (1993); see *Morabito* v. *Wachsman*, 191 Conn. 92, 101, 463 A.2d 593 (1983). "A trial court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of § 46b-70." *Mirabal* v. *Mirabal*, supra, 826. A foreign judgment obtained by a default in appearance does not satisfy the requirements of § 46b-70. See *Rule* v. *Rule*, 6 Conn. App. 541, 544, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986).

When modifying a foreign matrimonial judgment, a Connecticut court must apply the substantive law of the foreign jurisdiction. General Statutes § 46b-71 (b). Under the particular circumstances of this matter, however, whether the Michigan judgment is a "foreign matrimonial judgment" that may be modified by a Connecticut court depends on whether it falls within the purview of § 46b-70. It is clear that the defendant never filed an appearance in the proceedings leading

to the February 24, 1986 judgment modifying the New York decree. The defendant argues, however, that his appearances in the Michigan court, subsequent to its February 24, 1986 modification order, are sufficient, as a matter of law, to satisfy the requirements of § 46b-70. We do not agree.

While the defendant's "appearances" may have been filed in accordance with the Michigan rules of civil procedure, they cannot cure the jurisdictional defect created when the defendant failed to enter an appearance at the February 24, 1986 proceeding in which the order sought to be modified was entered. The status of this initial judgment cannot change unless and until it is opened or set aside. Because the Michigan court's February 24, 1986 judgment modifying the New York decree was never opened or set aside, it remains as a foreign matrimonial judgment in which one party did not enter an appearance. Therefore, no subsequent appearance by the defendant or his counsel, unless filed after the initial judgment has been opened or set aside, can satisfy the requirements of § 46b-70. See *Mirabal* v. *Mirabal*, supra, 30 Conn. App. 825–26.

We conclude that because the defendant failed to enter an appearance at the February 24, 1986 proceeding in which the order sought to be modified was entered, the trial court lacked subject matter jurisdiction to consider the defendant's motion and properly dismissed the matter.

## II

The defendant claims that the trial court improperly awarded attorney's fees because (1) General Statutes § 46b-62 does not apply to proceedings commenced under § 46b-71, and (2) the trial court lacked authority to award attorney's fees, having dismissed the matter for lack of subject matter jurisdiction.

The defendant first claims that § 46b-62, which precedes § 46b-71, applies to proceedings seeking relief under the provisions of chapter 815j and certain other sections of the General Statutes. The defendant contends that the language of § 46b-62 is plain and that if the legislature had intended § 46b-62 to apply to proceedings brought pursuant to § 46b-71, it would have expressly referenced § 46b-71 in the text of § 46b-62. We do not agree.

General Statutes (Rev. to 1995) § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of *this chapter* and sections 17b-743, 17b-744, 45a-257, 46b-1, 46b-6, 46b-204, 47-14g, 51-348a and 52-362, the court may order either spouse or . . . either parent to pay the reasonable attorney's fees of the other . . . ." (Emphasis added.) Section 46b-62 is included within chapter 815j of the General Statutes. A plain reading of § 46b-62 indicates that it applies to any proceeding seeking relief under the provisions of chapter 815j. We conclude, therefore, that because § 46b-71 falls clearly within chapter 815j, the trial court had authority to award attorney's fees pursuant to § 46b-62.

The defendant next argues that once the trial court dismissed the matter for lack of subject matter jurisdiction, it lacked the authority to adjudicate the plaintiff's motion for attorney's fees.

"Once it becomes clear that the trial court lacked subject matter jurisdiction to hear the [matter], any further discussion of the merits is pure dicta." *Doe* v. *Heintz*, 204 Conn. 17, 38, 526 A.2d 1318 (1987) (*Peters, C. J.*, concurring). If subject matter jurisdiction is lacking, a trial court's rulings on the merits are merely advisory. See *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 246, 558 A.2d 986 (1989).

A court always has jurisdiction to determine its own jurisdiction. *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 570–71, 651 A.2d 1246 (1995); *Castro* v. *Viera*, 207 Conn. 420, 430, 541 A.2d 1216 (1988). Moreover, "[i]t is well established that a trial court maintains jurisdiction over an action subsequent to the filing of an appeal." *Ahneman* v. *Ahneman*, 243 Conn. 471, 482, 706 A.2d 960 (1998).

A trial court's award of attorney's fees pursuant to § 46b-62, given when the interests of justice so require, is not a ruling on the "merits" of the underlying action. See *White* v. *New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451–52, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982) (court's decision of entitlement to attorney's fees requires inquiry separate from decision on merits); *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 517, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996) (same). We conclude, therefore, that because the trial court (1) maintained continuing jurisdiction during the pendency of the appeal, (2) was statutorily authorized to award attorney's fees, and (3) did not rule on the merits of the case, it did not act improperly in awarding attorney's fees to the plaintiff.

The judgments are affirmed.

In this opinion LANDAU, J., concurred.

LAVERY, J., dissenting. I respectfully dissent from part I of the majority opinion. I disagree with the majority's conclusion that the trial court lacked subject matter jurisdiction to consider the defendant's motion and properly dismissed the matter. I would conclude that the trial court did have subject matter jurisdiction pursuant to General Statutes § 46b-70 and, therefore, should have denied the plaintiff's motion to dismiss for lack of subject matter jurisdiction, but should have

heard the plaintiff's motion to dismiss for forum non conveniens.

I disagree with the majority's conclusion that the Michigan judgment is not a "foreign matrimonial judgment" within the purview of § 46b-70. I agree that the defendant did not file an appearance in the proceedings leading to the judgment in New York. I would agree with the defendant, however, that his appearances in the Michigan court subsequent to its February 24, 1986 modification order are sufficient to satisfy the requirements of § 46b-70. The defendant appeared through counsel in Michigan in 1986, answered the plaintiff's complaint and filed a motion to set aside the Michigan judgment, which was denied. Then in 1990, the defendant again appeared through counsel and filed a petition for reduction of child support and alimony, which was dismissed.

"General Statutes § 46b-70 defines a foreign matrimonial judgment as 'any judgment, decree or order of a court of any state in the United States in an action for [divorce or child custody and support] in which both parties have entered an appearance.' . . . Even a one time special appearance in another state to contest jurisdiction is sufficient to allow enforcement in Connecticut of a judgment subsequently rendered for support arrearages obtained in the other state. . . . The statutory language reflects the intent of the legislature to ensure that both parties have actual notice of an out of state proceeding, and to preclude adoption of foreign judgments obtained by a default in appearance." (Citations omitted.) *Rule* v. *Rule*, 6 Conn. App. 541, 543–44, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986). "The term appearance is used [to] designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction . . . ." (Internal quotation marks omitted.) Id., 544.

In this case, both parties had notice of the Michigan judgment. The defendant submitted himself to the jurisdiction of the Michigan court when he appeared through counsel in connection with the Michigan judgment and sought to vacate that judgment. The defendant in this case clearly intended to submit himself to the court's jurisdiction by filing a formal appearance in accordance with the Michigan rules of civil procedure and by actively seeking to have the Michigan judgment vacated. I would conclude that the defendant satisfied the requirements of § 46b-70.

The trial court should have heard the plaintiff's motion to dismiss for forum non conveniens. If it is true that the plaintiff is only a temporary resident of Connecticut while she attends law school, and that she maintains a domicile and a permanent residence in Michigan, then I would conclude that Connecticut is an improper forum for this matter. The state of Michigan is the proper forum for the defendant's motion to modify the Michigan alimony and support orders because that is where the judgment was entered and where the defendant's child support and alimony arrearages of over $114,000 are due.

I would reverse the judgment of the trial court and remand the case to the trial court to hear the plaintiff's motion for forum non conveniens and for any other action it might deem necessary.