[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION RE: MOTION TO DISMISS
The plaintiff, Curtis B. Wayne, and the defendant, Anita Wayne were divorced "by the Matrimonial Part of the Supreme Court of New York on November 27, 1989." (Complaint ¶ 6.) The parties entered into a separation agreement on September 18, 1989 and a ratification of the agreement was executed on November 17, 1989. (Complaint ¶ 7.) The separation agreement and ratification were incorporated by reference into the judgment but were not merged with the judgment. (Complaint ¶ 7.)[1]
On October 24, 1994, the plaintiff filed the present action claiming the agreements are unconscionable and violate the public policy of Connecticut because the child support orders were unreasonably high and formulated without regard to the plaintiff's financial circumstances. (Complaint ¶ 10.) In addition, the plaintiff claims he entered into the agreements under duress and that the defendant has breached the agreements on several occasions. (Complaint ¶¶ 11, 15, and 16.)
In the prayer for relief, the plaintiff seeks "nullification of the separation agreements; alternatively, modification of the child support provisions of the agreements to reflect the unanticipated and drastic change in circumstances of the plaintiff and to reflect the public policy of Connecticut; alternatively, specific performance of non-financial terms of the agreements; damages; [and] such other relief as the Court deems CT Page 2548 just and proper."
On June 7, 1995, the defendant filed a five count counterclaim alleging that the plaintiff is in breach of the agreements and seeking relief in the form of enforcement of the agreements. (Counterclaim, Counts One and Two.) The third count of the counterclaim alleges detrimental reliance. The fourth count of the counterclaim alleges emotional distress based on plaintiff's allegedly threatening behavior. The fifth count of the counterclaim alleges breach of the covenant of good faith and fair dealing. The defendant's prayer for relief seeks enforcement of the judgment and agreements, "money damages, punitive damages, costs and attorney's fees and such other relief to which law or equity pertain."
On September 16, 1997, the plaintiff filed a motion to dismiss the defendant's counterclaim. The ground for the motion to dismiss is that this court lacks jurisdiction because the defendant's action relies on General Statutes § 46b-71 which permits the registration of a foreign matrimonial judgment and due to the fact that the plaintiff failed to file an appearance in the New York proceedings the judgment cannot be registered and thus not enforced. The plaintiff filed a memorandum of law in support of the motion to dismiss.
The defendant filed a memorandum of law in opposition to the motion to dismiss. The grounds for the opposition to the motion to dismiss are that the defendant never attempted to register the judgment and seeks to enforce the agreements under the law of contract because the agreements were not merged with the judgment.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 10-31. "[M]otions to dismiss must be made within thirty days of filing an appearance."Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 307,635 A.2d 843 (1993); see also Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618, 625, 642 A.2d 1186 (1994). Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent LakeCT Page 2549Tax District, 205 Conn. 290, 294, 533 A.2d 208 (1987).
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652,661, 717 A.2d 706 (1998).
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
In the present case, the plaintiff argues that the counterclaim should be dismissed because this court lacks jurisdiction pursuant to General Statutes § 46b-70 et seq. General Statutes § 46b-70 provides in pertinent part: "`foreign matrimonial judgment' means any judgment, decree or order of a court of any state in the United States in an action for divorce, legal separation, annulment or dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children or for alimony, support or the disposition of property of the parties to an existing or terminated marriage, in which both parties have entered anappearance. (Emphasis added.) The plaintiff argues that he did not "appear" in the New York divorce action resulting in judgment entering by default and as such the judgment cannot be enforced or registered here in Connecticut. Ordinarily, the plaintiff's argument would be well founded and correct. See Lindo v. Lindo,48 Conn. App. 645, 649, 710 A.2d 1387 (1998) ("The power of the courts of this state to modify a foreign matrimonial judgment is circumscribed by § 46b-70, which defines a foreign matrimonial judgment as a judgment in which both parties have entered an appearance. Mirabal v. Mirabal, 30 Conn. App. 821,825, 622 A.2d 1037 (1993); Morabito v. Wachsman, 191 Conn. 92,101, 463 A.2d 593 (1983). A trial court has no competency to exercise power over an out-of-state matrimonial judgment that CT Page 2550 does not satisfy the requirements of § 46b-70. Mirabal v.Mirabal, supra, 826. A foreign judgment obtained by a default in appearance does not satisfy the requirements of § 46b-70. SeeRule v. Rule, 6 Conn. App. 541, 544, 506 A.2d 1061, cert. denied,201 Conn. 801, 513 A.2d 697 (1986).") (Internal quotation marks omitted.) Id.
In the present case, however, the plaintiff was personally served in the New York action and waived his answer. (Judgment of Divorce dated November 27, 1989 ¶¶ B and D.) The defendant argues that the plaintiff's filing of an affidavit waiving the right to file an answer and signing the separation agreements at issue in this case are acts sufficient under New York law to find either a formal appearance or an informal appearance. Although neither party has filed a copy of the agreements with this court, the judgment indicates that the parties entered into the agreements and the plaintiff avers in his complaint that he executed the agreements. (Complaint ¶ 7.) It seems apparent that the defendant appeared and participated in the New York divorce action. Under New York Civil Practice and Rules § 320 there are three ways to effect a formal appearance: (1) service of an appearance or notice of appearance; (2) service of a motion request to extend the time to answer; and (3) serving an answer. New York recognizes an informal appearance which is made when a defendant participates in the lawsuit as a genuine actor thereby indicating his intention to submit to the court's jurisdiction over the action. See McGowan v. Bellanger, 301 N.Y.S.2d 712, 32 App.Div.2d 293
(1969); New York Civil Law and Rules, Practice Commentaries (West) p. 401-02. More importantly, the only claim for enforcement of the judgment is in the first paragraph of the defendant's prayer for relief Accordingly, this court finds that it has subject matter jurisdiction over this case pursuant to General Statutes § 46b-70 et seq.
In addition to seeking to enforce the judgment, the defendant is seeking to enforce the "agreements" under breach of contract theories. As both parties have alleged in their respective pleadings, the judgment dissolving the marriage entered by default but that judgment specifically stated that "[t]he Separation Agreements executed Sept. 18 and Nov. 17, 1989, by the parties respectively, which are annexed to the Findings of Fact, shall be incorporated by reference in the Judgment but shall not merge therein, and shall survive as independent contracts." (November 27, 1989 Judgment of Divorce.) CT Page 2551
Under New York law where "child support provisions established by agreement are merged with the judgment, the agreement retains no contractual significance. Minarovich v.Sobala, [121 App.Div.2d 701, 702, 504 N.Y.S.2d 143 (1986)]."Evans v. Evans, 35 Conn. App. 246, 249, 644 A.2d 1317 (1994). Where, however, support provisions do not merge with the judgment they retain contractual significance. Id. In the present case, the counterclaim raises breach of contract claims and as such comes within the purview of this court's subject matter jurisdiction.
In conclusion, this court finds it has subject matter jurisdiction over the prayer for relief seeking to enforce the agreements as set forth in the counterclaim under the statutes, General Statutes § 46b-70 et seq. Furthermore, this court concludes that it has subject matter jurisdiction over this action because the defendant seeks to enforce the agreements and as such raises breach of contract theories in the counterclaim. This court certainly has subject matter jurisdiction over contract matters.
The motion is denied.
DRANGINIS, J.